CASE 70—MOTION—OCTOBER 13.

# Sanders, &c., vs. Bank of Kentucky.

#### APPEAL FROM WARREN CIRCUIT COURT.

1. A defendant in an execution, surety for the other defendants therein, who pays the amount thereof to the plaintiff after the sheriff has failed to return it for thirty days after the return day, has no right to the thirty per cent. damages which the law imposes upon the sheriff for such failure. But the plaintiff in the execution, notwithstanding such payment, has the right to maintain a motion against the sheriff and his sureties for the recovery of the damages—a right which he does not lose by permitting the motion to be carried on for the benefit of the surety; nor does such permission invest the surety with such a beneficial interest as requires him to be a party to the motion.

2. The pendency of an action against a sheriff and his sureties for official delinquency in failing to collect an execution when it was in his hands, and for making a false return thereon, is no bar to the prosecution of a motion against them to recover damages for the failure of the sheriff to return the execution for thirty days after the return day.

3. In a motion by the plaintiff in an execution against the sheriff and his sureties for a failure to return it for thirty days after the return day, when the amount of the execution has been paid to the plaintiff by a defendant in the execution after such failure, the plaintiff cannot recover the amount thereof, but only the thirty per cent. damages for which the sheriff rendered himself liable by his official delinquency.

4. *Quære?* Can a defendant in an execution, surety for the other defendants therein, who, after the failure of the sheriff to return it for thirty days after the return day, pays the plaintiff therein the amount thereof, avail himself of the liability of the sheriff for the amount of the execution on account of such failure? If so, still, a joint motion by the surety and the plaintiff in the execution would be irregular and unauthorized.

J. R. ROBINSON and E. L. BARBEE, for appellants, cited *Civil Code, secs.* 30, 33; *Rev. Stat., pages* 656, 329; *Pr. Dec.,* 344; *Ib.,* 345; 2 *Litt.*, 6.

JAMES HARLAN, on same side, cited *Civil Code, secs.* 30, 33; 17 *B. Mon.*, 333; *Ib.*, 603; *Wilkes, Sheridan, &c., vs. Morehead, MS. opin., Summer Term,* 1856; *Rev. Stat.*, 329–30; 2 *Litt.*, 6.

T. T. ALEXANDER, for appellee, cited *Rev. Stat., page* 330–1, *secs.* 3 *and* 4; *Civil Code, secs.* 34, 120; 8 *B. Mon.*, 303–4; *Rev. Stat., page* 615, *sec.* 10; *Ib., sec.* 1, *art.* 6, *page* 318; 5 *J. J. Mar.*, 360; *Ib.*, 322; 1 *B. Mon.*, 212.

T. CRAVENS, on same side, cited *Rev. Stat.*, 329, *sec.* 4, *art.* 18, *chap.* 35; *Ib., sec.* 8, *page* 656.

SHUCK, on same side, cited *Rev. Stat.*, 329, *art.* 18, *secs.* 3 *and* 4; *Ib., chap.* 97, *secs.* 7 *and* 8, *pages* 655–6; *Civil Code, secs.* 30 *to* 36, *inclusive;* 18 *B. Mon.,* 135; *Ib.,* 664; 1 *J. J. Mar.,* 550.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This was a motion in the name of the Bank of Kentucky against a sheriff and his sureties for failing to return an execution for thirty days after the return day thereof.

Subsequent to the time of the alleged delinquency of the sheriff, one of the defendants in the execution, who stood in the relation of surety to the other defendants therein, paid to the bank the full amount of the execution.

Whether the surety, by thus paying the execution, acquired a right to prosecute this motion against the sheriff, is the first question that arises in the case; for if he acquired such a right, he was the party beneficially interested, and should have been one of the plaintiffs in the motion.

The statute confers on a surety who pays a judgment a right to an assignment thereof from the plaintiff, with the power to sue out an execution, or otherwise control the judgment for his own benefit, so far as to enable him to obtain satisfaction from the principal for the whole amount paid by him as surety. And he is also, under the statute, entitled to the benefit of any lien existing under or by virtue of the judgment which he has discharged. It may be regarded as very doubtful whether, under these provisions of the statute, he is invested with the right of the plaintiff in the execution to maintain a motion against the sheriff for official delinquency. But even if he be, he has no right to the thirty per cent. damages which the law imposes upon the sheriff for failing to return an execution within the time prescribed by law. The statute vests him with a right to be reimbursed the amount which he has paid, but nothing more. He has a right to make that amount out of the principal debtor, and is entitled to the benefit of any *lien* which existed under the judgment at the time it was paid. The liability of the sheriff to the plaintiff in the execution, for the payment of the thirty per cent. damages, cannot be regarded as a lien to secure the payment of the judgment, even if, by the most liberal construction, his liability for the amount of

Sanders, &c., vs. Bank of Kentucky.

the execution can be so regarded. It follows, therefore, that the surety, not being equitably entitled to the damages, was not a necessary party to the motion, inasmuch as the judgment rendered was for the damages alone.

It is contended that the payment to the plaintiffs of the amount of the execution extinguished their right to maintain this motion against the sheriff and his sureties. The payment of the amount of the execution would not, however, have had that effect, even if made by the sheriff himself. He was liable for the amount of the execution and thirty per cent. damages thereon. A payment of part of that liability would not have discharged the residue thereof. The payment which one of the defendants in the execution made, cannot have a greater effect than a payment made by th sheriff himself would have had. As, however, the plaintiffs were paid the amount of the execution by one of the defendants therein, the liability of the sheriff to them was thereb. extinguished to that extent; because, if he had paid the amount of the execution himself, he would have been equitably entitled to it, and have had a right to look to all the defendants in the execution for reimbursement, unless he had lost that right against some of them by his official misconduct.

As the plaintiffs had a right, notwithstanding they had been paid the amount of the execution, prosecute a motion for the recovery of the damages, they did ot lose that right by permitting the motion to be carried on expressly for the benefit of the surety, by whom the amount of the execution had been paid. They might have dismissed tl motion; but instead of doing so, they authorized it to be procuted; and a judgment having been recovered by them, they ve a right to allow the surety to have the benefit of it. The permission which they gave him to prosecute the motion for is own benefit being merely gratuitous, did not invest him wh any legal or equitable interest in the recovery, and the auority thus conferred might have been revoked at any time. he plaintiffs in the motion did not, therefore, invest the surety with such a beneficial interest in the subject of the controvy as required him to be a party to the motion.

None of the matters of defense relied upon were sufficient to defeat the plaintiffs' right to the damages. The action which had been brought against the sheriff and his sureties, prior to the commencement of the motion, was for official delinquency in failing to collect the execution when it was in his hands, and for making thereon a false return. The cause of action in that case was entirely different from that upon which this motion was founded, and the pendency of that action was no bar to the prosecution of this motion.

No plausible excuse even, much less a reasonable one, was shown for the failure to return the execution until more than thirty days after the return day thereof. The sheriff and his sureties were therefore liable for the thirty per cent. damages imposed by the statute in such cases; and as the court below rendered a judgment against them only for the amount of the damages, and not for the amount of the execution, the judgment does not exceed the amount for which the appellants were liable, and they cannot justly complain of it.

The judgment, however, is assailed by the appellees, who contend that they had a right to recover the amount of the execution, as well as the damages for the failure to return it.

From what has been already said, it is apparent that the plaintiffs in the execution, having been paid the amount thereof by one of the defendants therein, had no right to hold the sheriff responsible therefor, but could only claim from him the damages for which he had rendered himself liable by his official delinquency.

But it appears that the surety who paid the execution was joined as a co-plaintiff in the motion, and his name was stricken out by order of the court. It is therefore contended that he should have been permitted to have joined as one of the plaintiffs in the prosecution of the motion, and that a judgment should have been rendered in his favor for the amount of the execution.

As has been already said, it is very questionable whether the surety, inasmuch he was himself one of the defendants in the execution, could avail himself of the liability of the sheriff for the amount thereof to the plaintiffs in the execution; but if

he could, such a joint proceeding as is contended for would have been wholly irregular and unauthorized.

The plaintiffs in the execution were alone entitled to recover a judgment for the damages. If the surety had a right to recover a judgment for the amount of the execution, then it would have been a proceeding carried on by two plaintiffs, founded on two separate causes of action, in which two judgments would have been required, and neither of the plaintiffs would have had any interest in the judgment which was recovered by the other. If, therefore, the surety had a right to institute a motion against the sheriff and his sureties for the amount of the execution, the motion was improperly joined with the other, and the court below very properly directed his name to be stricken out as one of the plaintiffs in the motion.

Wherefore, the judgment is affirmed on both the original and cross appeal.