## COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.

A complaint under Gen. Sts. *c.* 86, § 42, which avers that certain intoxicating liquors are kept and deposited by A. and B. in a certain building occupied by them, "which liquors are intended by the said A. and B. for sale in this commonwealth, said A. and B. not being authorized to sell the same in this commonwealth," sufficiently alleges an intent to sell the same in violation of law.

A record of a seizure of liquors upon a complaint under Gen. Sts. *c.* 86, § 42, which states that "in the opinion of the court the liquor so seized and the vessels containing the same is valued at more than twenty dollars," sufficiently shows that in the opinion of the court the value of the liquor seized with the vessels containing it exceeds twenty dollars.

If various original documents, in a case of seizure of intoxicating liquors under Gen. Sts. *c.* 86, § 42, show clearly that a notice to the persons complained against as keepers of the liquor seized, and all other persons claiming any interest therein, was issued within twenty-four hours after the seizure, an error in the record of the court by which a later date is inserted as the time of issuing the notice is immaterial.

The issuing of the notice provided for in Gen. Sts. *c.* 86, §§ 46, 54, is merely a ministerial act, and need not be recorded.

A complaint under Gen. Sts. *c.* 86, § 42, may be maintained, although founded upon evidence obtained by means of former proceedings instituted for the purpose of gaining possession of the building in which the liquors were kept, and without any actual knowledge on the part of the complainants in the former proceedings as to the liquors or the vessels containing them.

Unless a final judgment of forfeiture has been rendered in the superior court, in a case of seizure of liquors upon a complaint under Gen. Sts. *c.* 86, § 42, it is immaterial whether a bill of exceptions to rulings at the trial shows that the liquors seized were the same which were described in the complaint.

COMPLAINT to the justice of the police court of Worcester, dated February 27, 1862, alleging that the complainants have reason to believe and do believe that certain intoxicating liquors,

which were described, " on the twenty-second day of February in the year of our Lord eighteen hundred and sixty-two, were and still are kept and deposited by Joseph S. Hill and James L. Leavins, both of the city and county of Worcester, in a certain brick building there situate " (which was described) " said building being occupied by the said Joseph S. Hill and James L. Leavins, and which liquors are intended by the said Joseph S. Hill and James L. Leavins for sale in this commonwealth, said Joseph S. Hill and James L. Leavins not being authorized to sell the same in this commonwealth, or to manufacture or keep the same for sale in this commonwealth, or to keep the same for any purpose, under the provisions of chapter 86 of the General Statutes," &c.

Upon this complaint a search warrant was issued on the same day when the complaint was made, the return upon which, dated February 28, 1862, set forth that the officer had seized a large quantity of liquors thereon. A notice dated March 1, 1862, was thereupon issued by said police court to Hill and Leavins, with a warrant for its service, the officer's return upon which showed that the notice was served upon them on the 10th of March 1862. The record of the court, as made up on the back of the complaint, recited that, by virtue of a warrant issued thereon, search had been made of the premises, and " the within described intoxicating liquors, together with the vessels containing them, on the twenty-eighth day of April, A. D. 1862, were there found and seized, and together with the aforesaid warrant were returned to the said court; and in the opinion of said court the liquor so seized and the vessels containing the same is valued at more than twenty dollars. Whereupon, on the first day of March in the year eighteen hundred and sixty-two, an order of notice was duly issued," &c.

An issue was framed in the superior court, to be passed upon by the jury, whether the liquors described, or any part thereof, were owned or kept by the persons named, with intent to sell the same in violation of Gen. Sts. *c.* 86; and at the trial, before *Ames,* J., Hill pleaded in bar a previous acquittal by the police court upon a charge of keeping said liquors at said time, with

intent to sell the same in violation of law, and, it being found that he had been so acquitted, the judge ruled that this was a full and effectual defence to the present proceedings, so far as Hill was concerned. Leavins then objected that under this complaint, charging a joint keeping by himself and Hill, the case could not proceed as against him ; but the judge ruled otherwise.

It appeared in evidence that, under a search warrant which had been issued upon a previous complaint to the police court in the same month, certain police officers of Worcester entered the building ; that at about the same time another complaint was made against Leavins, and a warrant was issued thereon, on which he was arrested, and taken away ; that the police officers, without asking or obtaining permission from any person, availed themselves of the opportunity to ascertain what liquors were there and take a minute account thereof, and that when this account was finished the complaint in the present case was made and sworn to, and the warrant was issued and served. It further appeared that upon the original search warrant the officer made return that he had made diligent search but found no such liquors as were described in the same. Leavins then offered to prove that said original complaint and warrant were made merely for the purpose of getting possession of the building, without any actual knowledge on the part of the complainants as to the liquors or vessels containing the same which were in said building ; but the evidence was excluded. He also requested the court to rule that these facts showed such an improper interference on the part of the prosecution with the rights of the owner of this property as to render the entire proceedings void ; and that the facts also showed that at the time this complaint was made the liquors described were not kept by any person named therein, for sale in violation of law. The judge declined so to rule, and instructed the jury that the entry or interference of the officers was not such a dispossession of the owner or keeper of the liquors as of itself to negative the allegation that the person named in the complaint kept the liquors with intent to sell in violation of law.

The jury found that all the liquors described in the complaint were kept by Leavins, as charged; and Leavins alleged exceptions to the above rulings, and also filed a motion in arrest of judgment, for reasons appearing upon the papers in the case, and stated in the opinion. Upon motion of the district attorney, the clerk of the police court was allowed, against the objection of Leavins, to amend the record in the case by changing the date when the seizure took place to the 28th of February.

*H. Gray, Jr. & G. F. Verry*, for the claimant.

*Foster*, A. G., for the Commonwealth.

MERRICK, J. This is a proceeding under the provision of Gen. Sts. *c.* 86, to obtain judgment that the intoxicating liquors mentioned in the complaint shall be forfeited to the Commonwealth. In obedience to the summons served upon them, Hill and Leavins both appeared and answered to the complaint; but Hill having been discharged by order of court, the defence was afterwards continued by Leavins alone. He contends that the complaint is insufficient in law, and that the judgment sought for cannot be rendered upon it, because it contains no allegation of the intent of the persons named in it as keepers of the liquors to sell the same in violation of the provisions of said 86th chapter; and also because it does not negative any authority in Hill or Leavins to keep and sell such liquors severally, but only in the two jointly.

The statute does in very explicit terms require that the intent of the persons named as keepers of the liquor to sell the same in violation of the provisions of said 86th chapter shall be alleged in the complaint. Such an allegation is therefore essential to its validity as a foundation for the prosecution. But it need not be made in the very words or language of the statute. It is sufficient if that intent is in any form clearly and substantially set forth and averred. *Commonwealth* v. *Thurlow*, 24 Pick. 374. And therefore, inasmuch as all persons are prohibited from selling, or from keeping with intention to sell, in this state any intoxicating liquors, unless authorized therefor by or under the provisions of said 86th chapter, the charge and averment in the complaint are in substance and effect a clear and plain allegation

that the said liquors were kept by Hill and Leavins with intent to sell the same contrary to the provisions of said chapter, §§ 29, 30, 44. *Commonwealth* v. *Gilland,* 9 Gray, 3. And the averment that they the said Hill and Leavins had no such legal authority is applicable to each of them individually. If they had been thus jointly charged in an indictment with the offence of selling liquor unlawfully, either of them might have been convicted, though the other was acquitted. Archb. Crim. Pl. 59, 60. Neither of the objections to the complaint taken by the defendant can therefore be sustained.

By § 54 it is provided that if, in the opinion of the justice or police court before which a warrant under which any liquor has been seized is returnable, the value of the liquor seized, with the vessels containing it, exceeds twenty dollars, a notice shall then be issued, within twenty-four hours after such seizure, to the persons named in the complaint as the keepers of the liquor, and to all other persons claiming any interest therein, commanding them to appear before the superior court at the term to be holden in the county next after the expiration of fourteen days from the time of issuing the notice to answer to the complaint, and to show cause, if any they have, why such liquor and the vessel containing it should not be forfeited. And it further provides that the court before which notice is returnable shall have jurisdiction of the case.

It is objected by the claimant that the superior court never obtained nor could rightly exercise jurisdiction of the complaint, for several reasons. He insists that it is not shown by the record of the police court that the value of the liquor seized upon the warrant returned thereto, with the vessels containing it, was in the opinion of said court more than twenty dollars. He also contends that said record does show that no notice was issued to the claimant as keeper, or to other persons as claimants, of the liquor within twenty-four hours after the same was seized, but that the notice was issued several weeks after the time of said seizure as therein set forth ; and he contends further that no notice, but only an order of notice, was issued to the claimant.

But none of these reasons, considered in reference to the contents of the record of the police court, and of the documents and legal processes which make part of the bill of exceptions, are sufficient to show any defect of jurisdiction over the case in the superior court.

The recital in the record that " in the opinion of the court the liquor so seized and the vessels containing the same is valued at more than twenty dollars," cannot be taken to be, as is contended by the claimant, a mere statement that they were or may have been so valued by others ; but, upon a fair and just interpretation, it means that such is the opinion of the court in relation to the value. Instead, therefore, of its being shown by the record that the court did not, it distinctly appears that the court did, determine that the value of the liquor with the vessels containing it exceeded twenty dollars. And having so determined, it then became the duty of that court within twenty-four hours after the seizure to issue a written notice, under its judicial seal and signed by its clerk, commanding Hill and Leavins, as the persons named in the complaint as keepers of the liquor, and all other persons claiming any interest in it, to appear at the superior court at the term next to be holden in the county after the expiration of fourteen days from the time of issuing the notice, to answer to said complaint. And thereupon a notice containing the information, statements and commands required by the statute was in fact issued by the police court to the said Hill and Leavins, and all other persons who might be claimants of the liquor, within twenty-four hours after the time of its seizure. This fully and plainly appears from inspection and examination of the original written notice, and from the warrant directed to the officer requiring him to make service of the same, and his certificate of his doings by virtue thereof; all which papers were duly returned at the proper time to the superior court. And that court being thus in possession of said record of the police court, and of the several processes which had been duly issued and served in relation to the liquor which had been seized, acquired under the statute jurisdiction of the complaint, and was bound to proceed to a final adjudication upon all the matters alleged therein.

It is immaterial that the record of the police court states that the seizure of the liquor was made on the twenty-eighth day of April, because it is not necessary to resort to the record to ascertain the time of the seizure. That time is shown conclusively by the return of the officer upon the warrant under and by virtue of which he made the seizure. That the said date in the recital in the record is a mere clerical error, is obvious and certain. The complaint was made on the 27th of February; the warrant which was issued upon it bears that date. The return of it by the officer, in which he certifies his seizure of the liquor, is dated on the 28th, the next day following; the notice to Hill and Leavins as keepers of the liquor seized, and to all other persons who may be claimants thereof, and also the warrant to the officer directing him to make seizure of the same, are both dated on the 1st day of March; and the service of the same was made, as appears by the officer's return upon his process, on the 10th day of the same month. These several original instruments and processes being all duly in possession of the superior court, show that the notice to the claimant and others was issued by the police court in due season, and that all the preliminary proceedings required by the statute had been fully complied with, and therefore that it could properly take jurisdiction of the complaint. The issuing of the notice to the claimant was a mere ministerial act, like the issuing of an execution by a justice of the peace upon a judgment rendered by him, and need not be made a matter of record. *Briggs* v. *Wardwell*, 10 Mass. 356. It is therefore unnecessary to consider whether the clerk of the police court could lawfully, or was properly allowed, to amend his record; because, it being only material on the trial to show that the acts were done, upon the occurrence of which, after the police court had adjudged the value of the liquors to exceed twenty dollars, the jurisdiction of the superior court arose, all this could be and was shown by the production of the original notice, warrant, service and return thereof. So that there was no occasion to resort to that record at all to ascertain the time when the liquor was seized, or any other fact upon which the right of the superior court to take jurisdiction of the complaint depended.

Commonwealth *v.* Certain Intoxicating Liquors.

The evidence which was offered by the claimant concerning the alleged misconduct of the officer in the service and execution of a previous process, was properly excluded. Such misconduct, if it had been made to appear, would have no tendency to show that the liquors were not, as was alleged, illegally kept by Hill and Leavins, nor could it have justly affected any question which was in issue upon the trial. Although his conduct may have been upon the occasion referred to very reprehensible, he would still, if called on for that purpose, have been permitted to testify to any fact of which he there and by such means obtained knowledge. *Commonwealth* v. *Dana*, 2 Met. 329. If there was at that time any improper interference by him or by the prosecutors with the property of the two persons named in the complaint as keepers of the liquor, it did not take it from their possession, nor would it show that they did not continue to be if they had before been, the keepers thereof.

It has been objected by the claimant that no judgment of forfeiture can be entered in this case, because it does not appear by the verdict, the return of the warrant, or in any legal manner, that the liquors seized are the same which are described in the complaint. No such question as this arises upon the bill of exceptions, and therefore there is no reason to consider whether there is any force in the objection. It is to be presumed that the proper judgment will be ultimately rendered; and that if there be a judgment of forfeiture, it will be solely in reference to the liquors mentioned and described in the complaint. The judgment can of course affect nothing else.

Some other exceptions were taken at the trial, but they do not appear to be of any importance; and as they have not been insisted upon, and were not even adverted to at the argument we consider them to have been intentionally waived.

*Exceptions overruled.*