## STATE *vs.* JOSEPH GOYETTE.

The court will take judicial cognizance and without evidence that lager bier is a malt liquor.

A criminal warrant should bear the seal of the justice or justice's clerk who issues it, not the seal of the court to which it is returnable.

A criminal complaint and warrant may be upon the same paper, and the former made by reference a part of the latter.

Objections to process will not be considered after a trial had upon the merits of a cause and an appeal.

EXCEPTIONS to the Court of Common Pleas.

*July* 21, 1877. DURFEE, C. J. These are exceptions to rulings of the Court of Common Pleas on the trial of a liquor complaint. The government, in support of the complaint, proved simply the selling of a glass of lager bier, and rested, without introducing any evidence that lager bier is either a strong or malt liquor. Lager bier is not specifically named in the prohibitory clause of the statute,[1] which, however, covers "ale, wine, rum, or other strong or malt liquors." The defendant contended that without proof that lager bier is either a strong or a malt liquor, there was no evidence upon which the jury could find a verdict of guilty, and moved the dismissal of the complaint. The court denied the motion. He also requested the court to instruct the jury that, before they could render a verdict of guilty, they must be satisfied from the proof in the case that the lager bier claimed to have been sold was either a strong or malt liquor. The court denied the request. The defendant excepted to the rulings. The question, therefore, is, whether the verdict was warranted in the absence of proof that lager bier is either a strong or malt liquor.

Lager bier is, and has been for many years, a familiar beverage in this country. Its constituents are enumerated not only in books of science, but in the popular cyclopædias.[2] It is a malt liquor of the lighter sort, and differs from ordinary beers or ales, not so much in its ingredients as in its processes of fermentation. The government might almost as well be required to prove that gin or whiskey or brandy is a strong liquor, as to prove that lager bier is a malt liquor. But this is not all: the

---

[1] Pub. Laws, cap. 508, § 1, June 25,.1875.

[2] See Johnson's New Universal Cyclopædia, art. *Beer.*

statute, though it does not name lager bier in its prohibitory clause, does name it in prescribing the license fees. It provides, that "for a license to sell lager beer, ale, and other malt liquors only, at retail only," the fee shall be "not less than fifty dollars nor more than two hundred dollars."[1] It thus recognizes lager bier as a prohibited liquor, and classes it with ale and other malt liquors. We think, therefore, that it was not necessary for the government to show by proof that lager bier is a malt liquor, but that, in view of the fact and its recognition in the statute, the court might properly take judicial notice that it is such.

The third exception is because the seal affixed to the warrant is not the seal required by law. Under the statute, criminal complaints are to be made to a trial justice or his clerk, and the warrants are to be issued by such justice or clerk. A warrant, therefore, should be under the seal of the justice or clerk who issues it. It should not, as the defendant contends, be under the seal of the court to which it is returnable. The warrant in this case was, as it ought to have been, under the seal of the trial justice who issued it. Gen. Stat. R. I. cap. 186, §§ 3, 4, 10, 12.

The fourth exception is because the warrant does not contain the name of the defendant and his addition. The warrant is preceded on the same paper by the complaint, which gives in full the defendant's name, residence, and addition. The warrant, referring to the complaint "as above written," requires the officer to apprehend "the body of the said respondent above named." The name, residence, and addition are thus incorporated, as it were, by the reference in the warrant. This is sanctioned by the statute. Gen. Stat. R. I. cap. 186, § 4. The warrant is, therefore, not defective in this respect. *Donahoe* v. *Shed*, 8 Met. 326 ; *Commonwealth* v. *Dana*, 2 Met. 329. Moreover, the last two objections are objections to process, which, after a trial on the merits and an appeal, will not be entertained by the court. *State* v. *McCarty*, 4 R. I. 82 ; *Commonwealth* v. *Henry*, 7 Cush. 512. *Exceptions overruled.*

*Edmund S. Hopkins*, Assistant Attorney General, for plaintiff.
*Beach & Osfield*, for defendant.

---

[1] Pub. Laws, cap. 508, § 5, IV. June 25, 1875.