STATE *vs.* JAMES BURROUGHS.

Kennebec. Opinion August 3, 1881.

*Complaint for search and seizure.   Practice.   Evidence.*

It is not error to instruct the jury that the criminality of an offence, and the severity of its punishment may be considered by them with the facts and circumstances of the case as evidence bearing on the greater or less probability of its commission.

Bottles, glasses, &c. found in defendant's shop, are admissible as evidence in a trial upon a complaint for search and seizure, though procured by an illegal and unauthorized search.

ON EXCEPTIONS from superior court, Kennebec county.

The case is stated in the opinion.

*H. M. Heath,* county attorney, for the State, cited : *State* v. *Flynn,* 36 N. H. 64 ; *Decker* v. *Somerset Ins. Co.* 66 Maine, 408.

*E. W. Whitehouse,* for the defendant.

The instruction complained of was erroneous. I do not understand that the law makes any distinction whatever in the weight of testimony required under a search and seizure and any other crime. In all criminal prosecutions the same weight, degree and amount of testimony are required for a conviction. 3 Greenl. Ev. 29.

APPLETON, C. J. This is a complaint for search and seizure, appealed from the municipal court of Augusta, and is brought here on exceptions to the rulings of the justice presiding at *nisi prius.*

1. The judge in his charge, said to the jury, "You have a right to consider, however, in this case, the question whether it requires the same amount of proof, the same weight to fasten upon a man the crime of selling intoxicating liquors, or keeping them with intent to sell, in view of the penalty attached, as it would to fasten upon him a higher crime for which the penalty was much severer."

Here is no rule of law given. The jury were told they were at liberty to consider the criminality of an offence, and the severity of its punishment as circumstances bearing upon the greater or lesser probability of its commission. It was left to them to determine the effect of those as of all other facts and circumstances in proof bearing on the guilt or innocence of the respondent.

2. Bottles, glasses, and measures identified as found in the defendant's shop, were received in evidence, to the introduction of which, the objection was made that their seizure was unauthorized by the warrant. They were or might be imple-

ments used in unlawful traffic. They were admissible in evidence however obtained. Their evidentiary force was for the jury. They are nevertheless articles of evidence, even if procured by an unauthorized and illegal search. *State* v. *Plunkett*, 64 Maine, 536; *State* v. *McGlynn*, 34 N. H. 422; *State* v. *Flynn*, 36 N. H. 64; *Com.* v. *Dana*, 2 Met. 329.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.

LIBBEY, J., did not concur.