Eugene J. PAPOLAS

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

Dec. 1, 1967.

Julius B. Levine, Waterville, for petitioner.

John W. Benoit, Asst. Atty. Gen., Augusta, for respondents.

Before WEBBER, TAPLEY, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

On appeal from the denial of post-conviction relief. The petitioner was tried in 1959 and convicted of the crime of murder. He was then represented by competent counsel selected and employed by him. At the time of trial petitioner was in fact indigent but the funds required for the compensation of counsel were provided by petitioner's par-

ents and uncle and it was therefore unnecessary to afford him the protection vouchsafed to indigent respondents in capital cases.

■ The primary issue is whether or not there was an intentional and voluntary relinquishment of a known right of appeal. The petitioner knew that he had a right to appeal. He discussed it with his attorney, obtained an estimate of the approximate cost of preparing the record and made a definite decision not to appeal. He made no representations to the court or to his counsel that his indigency was a factor in reaching that decision. There is no evidence or even suggestion that those who had borne the expense of his trial would not have borne the expense of his appeal if he had so requested. The Justice below properly concluded that petitioner's decision not to appeal was the result of his free choice, not dictated or impelled by his personal lack of financial resources. His attitude then appears to have been that of one aware of his guilt and reconciled to the inevitable consequences. The reason for a subsequent change in attitude seems to have been his exposure to the hard reality of imprisonment. This is clearly evidenced by a letter written to his counsel in 1960 in which petitioner stated: "As you remember, I didn't care too much what happened during my trial. After being here (State Prison) the past few months, I have had a change of heart." We are satisfied as was the Justice below that petitioner suffered no deprivation of his right of appeal.

■ It follows that matters which could only be raised on appeal (or by exceptions under the practice existing in 1959) are not before us in this proceeding. Post-conviction habeas corpus may not be used as a substitute for appeal. 14 M.R.S.A. Sec. 5502; Bennett v. State, (1965) 161 Me. 489, 214 A.2d 667. Nevertheless, with the transcript of the trial proceedings before us and mindful that the petitioner is serving a mandatory life sentence, we have carefully examined the record and ascertained that there were no prejudicial trial errors which would have availed the petitioner if an appeal had been seasonably prosecuted.

We turn now to other matters which the petitioner raises, and which he asserts constitute constitutional deprivations.

■■ Shortly after the petitioner's arrest, the police searched his hotel room and automobile without warrant. They found in the room a letter written by petitioner, a "report" made to him by a private detective, and in the car a cardboard box. The "report" and box were admitted into evidence without objection. Evidence taken out in the absence of the jury abundantly supported a finding by the then presiding Justice that the officers entered the hotel room not only with the consent of the petitioner but at his request in order that they might gather all of his personal belongings and bring them to the police station. This being so, no warrant was required. Even in the absence of consent, however, no constitutional deprivation would be shown. The petitioner, while recognizing that the rule of Mapp v. State of Ohio, (1961) 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081, is not applied retrospectively by the Supreme Court as determined in Linkletter v. Walker, (1965) 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, nevertheless urges that we apply the Mapp rule retrospectively in Maine. We find the reasons advanced in Linkletter to be persuasive and in fact we adopted and applied them in a somewhat different factual situation in our recent opinion in Nadeau v. State, (1967) Me., 232 A.2d 82. The Mapp rule not being retrospective, the evidence would have been properly admissible whether obtained by consent or as the result of an illegal search. State v. Burroughs, (1881) 72 Me. 479.

■ In his instructions to the jury the presiding Justice made historical background reference to the fact that the concept that one should not take the life of another is of ancient origin and rests upon religious convictions antedating the present

civil law. The instructions in their entirety made it clear that the petitioner was charged with a violation of the civil law, which law and the principles which should guide the deliberations of the jury were fully expounded. The Justice below stated in his findings: "No constitutional issue is raised by the charge in which the Judge referred to the moral basis of Christian civilization." We agree.

■ The petitioner seeks to attack the voluntariness of his confession and admissions by applying the rules enunciated in Escobedo v. State of Illinois, (1964) 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and Miranda v. State of Arizona, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. It suffices to say that these cases are not given retrospective application. Johnson v. State of New Jersey, (1966) 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882; see Nadeau v. State (supra).

■ The petitioner's assertion that the State knowingly suppressed evidence favorable to him is entirely unsupported by evidence and must be deemed frivolous. Mere conjecture and surmise on the part of a witness will not substitute for probative evidence.

The writ of habeas corpus was properly discharged.

Appeal denied.

WILLIAMSON, C. J., and MARDEN, J., did not sit.