**1170**

Charles L. **EVERETT**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 69-1505.**

United States District Court
C. D. California.

Sept. 12, 1969.

---

ORDER GRANTING MOTION PUR-
SUANT TO SECTION 2255, TITLE
28, UNITED STATES CODE.

CARR, District Judge.

Petitioner has filed a motion pursuant to Section 2255, Title 28, United States Code, in which he claims that he was denied the right to appeal from a conviction on August 9, 1965 for bank robbery.

Petitioner has several times applied to this court in an effort to obtain an appeal *in forma pauperis* but has been denied because this court could not conclude that he had actually been deprived of an appeal because of the failure of his lawyer to file a notice of appeal.

The first time that petitioner filed a motion under Section 2255, Title 28, United States Code, seeking to appeal *in forma pauperis*, his lawyer filed an affidavit in which he asserted that he and the petitioner had discussed the matter of appeal and that, "* * * It was then and is now my considered opinion that no meritorious appeal lies. * * *." He further asserted that "* * * it never was my understanding that an appeal was to be taken. That I never was requested or directed to file an appeal to my understanding and knowledge. * *"

In reaching the decision to deny the motion to be allowed to appeal *in forma pauperis*, this court took into consideration the entire file in the case, and from that file concluded that petitioner had not actually intended to take an appeal but had decided to move for a reduction of sentence which was done on September 17, 1965.

The petitioner has on several occasions since the ruling of this court on February 3, 1966, endeavored to appeal *in forma pauperis* but such efforts have been denied.

Petitioner now reasserts his claim to appeal *in forma pauperis*, basing his claim upon Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340, decided June 2, 1969 by the Supreme Court of the United States. No. 749—October Term, 1968. In that case the Supreme Court held that a defendant appearing in propria persona, who was not advised of his right to appeal, was entitled to post-conviction relief under Section 2255, Title 28, United States Code, allowing him an appeal although six years had elapsed.

The opinion of the Supreme Court leaves many questions unanswered: 1) Whether or not the decision is retroactive; 2) Whether or not the opinion overrules Section 753(f) of Title 28, United States Code, which requires that the trial judge or a circuit judge certify "* * * that the suit or appeal is not frivolous (but presents a substantial question). * * *."; and 3) Whether

or not the case is intended to require a judge to advise the defendant of his right to appeal when he had an attorney.

Rule 37(a) of the Federal Rules of Criminal Procedure, at the time of the sentence in *Rodriquez, supra,* only required: " * * * When a court after trial imposes sentence upon a defendant *not represented by counsel,* the defendant shall be advised of his right to appeal * * *." [Emphasis added.]

In the instant case petitioner was sentenced at the time he had counsel present and Rule 37(a) of the Federal Rules of Criminal Procedure did not require that the court notify him of his right to appeal.

Although the Supreme Court in *Rodriquez, supra,* directed that the petitioner be resentenced by the District Court, it apparently did not anticipate the problems which will arise in connection with such a procedure. At any rate, it appears that if the District Court has the power to set aside the judgment and resentence, it certainly would have the power to grant the right of appeal since it accomplishes the results intended. Furthermore, it will avoid the necessity of bringing a prisoner back from a substantial distance at great expense.

In view of *Rodriquez, supra,* it appears that any further efforts in this matter, short of granting an appeal, would be a waste of time. At least the case will be in the posture to permit the Court of Appeals to determine what should be done in a case of this kind. This court is therefore disposed to grant the motion and permit an appeal.

Another problem is presented which undoubtedly the Court of Appeals will have to decide; that is, what is to be done about a transcript. This court cannot, as required by Section 753(f) of Title 28, United States Code, certify that this appeal is not frivolous and does in fact present a substantial question. Therefore, it is doubtful if a transcript will be available unless one is ordered by the Court of Appeals. If the Court of Appeals sustains the validity of this order granting the appeal, then it may decide to order the transcript.

The motion to appeal *in forma pauperis* is granted.

It is, therefore, ordered that petitioner's motion under Section 2255, Title 28, United States Code, be, and hereby is, granted.