**Paul BOYD**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Oct. 15, 1971.

Caroline D. Glassman, Portland, for plaintiff.

Charles R. Larouche, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

On report. The petitioner for the writ of habeas corpus was convicted in the Su-

perior Court of the crime of rape. He was then indigent and represented by court appointed counsel. The record reveals that when petitioner was sentenced on September 18, 1970, he was not advised by the Court of his right to appeal to the Law Court [1] as required by M.R.Crim.P., Rule 37(c).[2] The petitioner has at no time voluntarily waived his right to appeal. By his petition the petitioner attacks the legality of his imprisonment asserting that failure of compliance with Rule 37(c) resulted in a denial of his right to appeal. He seeks such relief as may be appropriate under the circumstances.

■ The State readily concedes that the statutory appeal provided by 15 M.R.S.A., Sec. 2115,[3] being direct and unqualified, is "in effect, a matter of right." Coppedge v. United States (1962) 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21; Rodriquez v. United States (1969) 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340. The State also agrees that compliance with Rule 37(c) is a matter of fundamental importance. United States v. Benthien (1970) 1 Cir., 434 F.2d 1031. The rule is designed to assure that the unrepresented defendant or the indigent defendant represented by court appointed counsel is aware of the right and its nature, and is informed that the right is in no way affected by his financial inability to bear the expense thereof or employ counsel. The rule further assures a

record which eliminates subsequent post-conviction issues with respect to the source and extent of a defendant's knowledge with respect to the right of appeal. Finally the State concludes, as we do, that petitioner, having been denied his right of appeal, is entitled to some form of post-conviction relief. It is the form which that relief should take which presents the real issue for determination here.

■ The petitioner urges that the Court should now order that a transcript of the proceedings at his original trial be prepared and provided for his use at the State's expense, the transcript to be furnished and used, however, not as a necessary incident to a reinstated appeal but rather as an exploratory tool looking to the identification of post-conviction issues, and possible amendment of his petition for the writ of habeas corpus brought under 14 M.R.S.A., Sec. 5502 et seq. Petitioner contends that without the aid of such a transcript he may inadvertently omit grounds for post-conviction relief and subsequently be charged with having waived such grounds under the provisions of Sec. 5507.[4]

Petitioner further asserts that he is entitled because of the trial court's non-compliance with Rule 37(c) to treat his habeas corpus proceeding as, in effect, a substitute for the appeal which was denied to him. A transcript, he contends would thus be required both for the effective prosecution of

1. A separate and distinct duty to advise any person who is sentenced of his right to seek a *review of the sentence imposed* by an appeal therefrom to the appellate division of the Supreme Judicial Court rests upon the clerk of the court. M.R. Crim.P., Rule 40(c).

2. M.R.Crim.P., Rule 37(c) reads in part: "When a court after trial imposes sentence on a defendant not represented by counsel, or represented by court appointed counsel, the defendant shall be advised of his right to appeal, and, if he so requests, the court shall cause a notice of appeal to be prepared and filed on behalf of the defendant forthwith."

3. 15 M.R.S.A., Sec. 2115 provides: "In any criminal case in the Superior Court

any defendant aggrieved by a judgment, ruling or order may appeal therefrom to the law court within 10 days or such further time as may be granted by the court pursuant to a rule of court. * * *"

4. 14 M.R.S.A., Sec. 5507 provides: "All grounds for relief claimed by a petitioner under this remedy must be raised by a petitioner *in his original or amended petition*, and any grounds not so raised are waived unless the State or Federal Constitution otherwise requires or any justice on considering a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. * * *." (Emphasis supplied)

such substitute "appeal" and to prevent denial of equal protection of the laws. See e. g. Griffin v. Illinois (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

We cannot agree with the petitioner that the procedure he suggests is the necessary or proper means of preserving his rights. The problem has been considered in several federal cases involving denial of appeal by non-compliance with Fed.R.Crim.P., Rule 32(a) (2) [5] which imposes requirements equivalent to those contained in M.R.Crim. P., Rule 37(c). In these cases it has been uniformly held that the appropriate remedy is to reinstate the appeal. United States v. Smith (1967) 6 Cir., 387 F.2d 268; Nance v. United States (1970) 7 Cir., 422 F.2d 590; United States v. Benthien (1970) 1 Cir., 434 F.2d 1031; Everett v. United States (1969) C.D.Cal., 303 F.Supp. 1170; see also Rodriquez v. United States, supra. Our own practice heretofore has been to reinstate the appeal when it has been determined that an applicant for relief has been improperly deprived of his right thereto. In Wilbur v. State of Maine (1970) 1 Cir., 421 F.2d 1327 it was held that there had been such a deprivation with respect to a Maine prisoner and the Maine Court was afforded an opportunity to reinstate the appeal as an alternative to further relief in the federal courts. By an unreported order we reinstated the appeal which was subsequently perfected and finally adjudicated in State v. Wilbur (Me.1971) 278 A.2d 139.

The petitioner assumes that reinstatement of his appeal will require resentencing and suggests that he may thereby be prejudiced since there is no constitutional guarantee that the new sentence imposed may not be more rigorous than the one originally given. See e. g. North Carolina v. Pearce (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. He asserts that it is unfair to make him face the possibility of longer incarceration as the price of availing himself of an appellate review which is a matter of right. This we deem to be a legitimate concern. We note that the basic purpose of Rule 37(c) is to prevent any unfairness to the pro se or indigent defendant with respect to the appellate process. The procedure established today for reinstatement of appeal should reflect that purpose as well.

We recognize that the federal cases cited above employ differing techniques with regard to any requirement of resentencing when an appeal is reinstated. In *Rodriquez* the Supreme Court without comment remanded for resentencing. In *Smith* the Court without discussion remanded for resentence "to the end that defendant's right of appeal will be preserved." In *Nance* the Court, again without comment but in apparent reliance upon the actions taken in *Rodriquez* and *Smith*, ordered resentence. In *Benthien*, however, the First Circuit saw no necessity for resentence and ordered the clerk of the District Court to enter the necessary notice of appeal. The Court said at page 1032 of 434 F.2d:

"Our holding insures that all defendants will receive the protection the rule intended to provide. It will at the same time serve to warn district judges of the necessity of strict compliance."

In *Everett* the Court carefully considered the problem of resentence and concluded, rightly we think, that resentencing is an unnecessary act in the reinstatement of an appeal and tends to create more problems than it resolves. The Court in ordering reinstatement of appeal without resentence

---

5. Fed.R.Crim.P., Rule 32(a) (2) (as amended effective July 1, 1966) provides: "(2) Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant." Although the rule as amended specifically imposes the duty upon the court, we construe our Rule 37(c) as requiring no less.

concluded, "At any rate, it appears that if the District Court has the power to set aside the judgment and resentence, it certainly would have the power to grant the right of appeal since it accomplishes the results intended." We find most persuasive the reasoning employed by the Fifth and Tenth Circuits which have so interpreted Fed.R.Crim.P., Rule 32(a) (2) as to avoid the resentence dilemma. In Boruff v. United States (1962) 5 Cir., 310 F.2d 918, 921 the Court construed the rule "in such manner as to require that until an accused person who is not represented by counsel of his own choosing has actually been 'advised of his right to appeal' *there still remains something to be done* before the statutory ten-day period begins to run." (Emphasis ours) The Court concluded "that the ten day period within which (appellant) was required to file his notice of appeal did not commence to run until he was actually notified of his right to appeal and his right to have counsel to assist him, under the peculiar facts of this case." The Boruff rule was again applied in Miller v. United States (1966) 5 Cir., 356 F.2d 63, 65. Citing Boruff, the Tenth Circuit adopted the same rule in Hannigan v. United States (1965) 10 Cir., 341 F.2d 587. See also United States v. Deans (1971) 3 Cir., 436 F.2d 596, 600 (resentencing not jurisdictional).

Our statute, 15 M.R.S.A., Sec. 2115, permits some latitude with respect to the power of the Court to determine how and when an appeal must be taken. We note that our Rule 37(c) is captioned "Time for Taking Appeal" and contains the time requirements therefor. The requirement that a defendant be advised by the Court of his right of appeal is included therein and becomes an integral and related part thereof. An objective of the rule is of course to give some finality to judgments and prevent purely dilatory appeals—but that objective will by no means be defeated if the rule be so construed as to provide for reinstatement of an appeal without resentence in the rare case in which the record discloses that an

appellant has in fact been deprived of his right of appeal by erroneous action or inaction of the Court. We therefore hold specifically that the time for taking an appeal from the Superior Court in a criminal case will not commence to run until Rule 37(c), where applicable, has been complied with. In the instant case we treat this opinion as a substantial compliance with the advisory requirement of Rule 37(c) and we treat the petition before us as an adequate request for the filing of a notice of appeal. It will therefore only be necessary for the clerk of the Superior Court to file a notice of appeal on behalf of petitioner as we shall direct. The appeal can then be perfected by petitioner's counsel and a transcript will be furnished at the State's expense in accordance with the provisions applicable to appeals by indigent appellants. Our action here is designed to enable the petitioner to perfect his appeal without further unnecessary delay.

■ In response to petitioner's further contention that he may be charged with waiver of any grounds for post-conviction relief not asserted in the proceeding now before us, it suffices to say that this petition has produced effective relief for the petitioner and will result in a new final judgment upon determination of his appeal. We now hold that under the peculiar circumstances of this case petitioner will not be charged with such a waiver if subsequent to such new final judgment he seeks post-conviction relief on grounds not here asserted.

■ Our decision automatically disposes of petitioner's second contention that he should be allowed to treat this habeas corpus proceeding as an appeal. The statutory remedy provided for post-conviction relief may not be used as a substitute for direct appeal and issues which should properly be raised by appeal may not be raised by habeas corpus. 14 M.R.S.A., Sec. 5502; Bennett v. State, (1965) 161 Me. 489, 214 A.2d 667; Papolas v. State (Me.1967) 235 A.2d 533; Brine v. State (Me.1970) 264 A.2d 530.

The entry will be

Petitioner's appeal reinstated in State of Maine v. Paul Boyd, Superior Court, Cumberland County, Criminal Docket #70–336. Clerk of Superior Court to enter notice of appeal on behalf of petitioner forthwith. Caroline Glassman, Esq. appointed as attorney to prosecute appeal. All time requirements for prosecution of appeal to be computed from date of filing of notice of appeal.

All Justices concurring.