**Patrick PINKHAM**

**v.**

**STATE of Maine.**

Supreme Judicial Court of Maine.

Aug. 28, 1972.

Fitzgerald & Donovan by J. Michael Conley, III, Bath, for plaintiff.

Charles R. LaRouche, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The Petitioner—then the Defendant—pleaded guilty to an information which charged that he had broken and entered a building owned by Nancy Rose and had stolen a pair of binoculars of the property of Nancy Rose. He was represented by court appointed counsel and the requirements of M.R.Crim.P., Rule 11 were complied with. He was sentenced.

Later, he brought this petition for the statutory writ of post-conviction habeas corpus. Counsel was again appointed to assist him. In the petition, Petitioner now alleges there "were errors of fact not of record which were not known to the Petitioner or the Court and which by the use of reasonable diligence could not have been known to the Petitioner at the time of trial and which, if known, would have prevented Petitioner's conviction."

In using this language, Petitioner adopted almost verbatim one of the grounds for relief provided by the Legislature through the statutory writ of post-conviction habeas corpus in 14 M.R.S.A. § 5502.[1]

---

1. "§ 5502. Post-conviction habeas corpus
   Any person convicted of a crime and incarcerated thereunder . . . who claims that . . . there were errors of fact not of record which were not known to the accused or the court and which by the use of reasonable diligence could not have been known to the accused at the time of trial and which, if known, would have prevented conviction, may institute a petition for a writ of habeas corpus seeking . . . to set aside

The specific errors of fact not of record which Petitioner contends would have, if known, prevented his conviction are that the building into which he admitted having broken was not owned by "Nancy Rose" or by the man with whom "Nancy Rose" was then living and, in fact, there was no person named "Nancy Rose".

At pre-trial of the petition it was stipulated that

"the person named in the information as Nancy Rose is in fact the sister or half-sister of Petitioner, that at the time of said offense she occupied said dwelling house with one John Rose, that she held herself out as the lawful wife of John Rose and that the owner of title of the stolen property was John Rose and that at the time of the alleged offense the stolen property was inside said dwelling house."

In addition, the Petitioner offered to prove that

"the person holding herself out as Nancy Rose was not then married to the said John Rose, that her legal name was not Nancy Rose, that she was not the owner of title to the dwelling house and was not the owner of title of the stolen property; and that petitioner had no knowledge of these facts at the time he pleaded guilty to said information"

The Single Justice accepted these offered facts as true and then ruled that only issues of law were presented. He denied the petition, holding 1) that the statutory writ of habeas corpus does not lie to set aside an adjudication of the very facts which were put in issue by the information and which were determined by a voluntary plea of guilty, 2) that where an information alleges ownership, the State need prove only a possessory interest good as

the plea, conviction and sentence, provided that the alleged error has not been previously or finally adjudicated or waived in the proceeding resulting in the con-

against the burglar and 3) that one who would assert newly discovered facts may not do so when the claimed facts are such that by their very nature they could and should have been discovered by the exercise of reasonable diligence at the time of plea.

■ We need consider only the last mentioned basis for the Justice's decision. The Petitioner alleged that he could not have discovered the errors of fact before his plea of guilty by the exercise of reasonable diligence but he presented neither proof nor stipulation to support this allegation and he did not offer to present any such proof. (Indeed, it seems unlikely that proof was available that he could not by the exercise of reasonable diligence have learned the name of his sister (or half-sister) and the owner of the house in which she lived.)

■ Petitioner also argues that even if his prayer for the writ of habeas corpus is denied he should now be entitled to appeal from his conviction. He urges us that at the time of his sentence the Presiding Justice failed to comply with M.R.Crim.P., Rule 37(c) which directs the Justices to inform defendants who are unrepresented or represented by court appointed counsel of their rights to appeal. The Petitioner alleged no such claim in his petition (as did the Petitioner in Boyd v. State, Me., 282 A.2d 169 (1971)) and the issue was not before the Single Justice. There being no exceptional circumstances present demanding its consideration, we will not entertain it now. Lumsden v. State, Me., 267 A.2d 649 (1970). Nothing in the record even suggests that Petitioner would have any basis for use of the limited appeal on jurisdictional grounds from a conviction entered on a plea of guilty which was recog-

viction or in any other proceeding that the petitioner has taken to secure relief from his conviction."

nized in Dow v. State, Me., 275 A.2d 815 (1971).

Petitioner has failed to demonstrate that he is entitled to the writ of habeas corpus.

Appeal denied.

WEBBER, J., did not sit.

All Justices concurring.