INHABITANTS OF NORTON *vs.* ALEXANDER HODGES & others.

A complaint under the mill act, Gen. Sts. c. 149, against mill owners individually, for flowing the complainant's land by a reservoir dam alleged to have been built and maintained by them for the benefit of their mills, cannot be sustained on proof of the building and maintenance of the dam by a corporation, the capital stock of which is wholly owned by the respondents, but the charter of which subjects the stockholders to no personal liability.

COMPLAINT under the mill act, Gen. Sts. *c.* 149, setting forth that Alexander Hodges, Benjamin A. Chace, and the Dighton Manufacturing Company, severally owned and were occupying mill privileges and mills on Three Mile River, and erected and were maintaining a reservoir dam on Rumford River, a tributary of Three Mile River, for the use and benefit of their mills below, thereby flowing the complainants' land, &c. The respondents denied that they erected or were maintaining the reservoir dam; and alleged that it was erected, maintained and owned by the Wading River Reservoir Company, a corporation, and that the remedy, if any, was against that corporation, and not against the respondents individually.

At the trial in the superior court, before *Rockwell*, J., it appeared that the Wading River Reservoir Company was incorporated by the St. of 1866, *c.* 171, and organized in September of that year; that all the shares in its capital stock, except a few

which had never been disposed of to any person, were owned by the respondents, who each owned a mill on Three Mile River that the corporation owned no mill, but bought land and built the reservoir dam upon it, on the Rumford River, for the benefit of the respondents' mills, and of one other mill on Three Mile River owned by a person who contributed money towards building the dam, but was not a stockholder in the corporation, and that the complainants' land was overflowed by the water raised by the dam.

Upon these facts, the respondents contended that they were not individually liable to this complaint, but the remedy, either under the mill act or at common law, was against the corporation ; and the complainants contended that the respondents were liable upon this complaint in the same manner as if, without the act of incorporation, they had bought the same land as tenants in common and jointly erected the dam on it for the benefit of their mills, and that the St. of 1866, *c.* 171, was an arrangement between the respondents themselves, of which the complainants had no occasion to take notice, and which would not shield the respondents from individual liability.

The judge ruled that the evidence would not sustain the complaint, and directed a verdict for the respondents, which was returned ; and the complainants alleged exceptions.

*E. Ames,* for the complainants.

*E. H. Bennett,* (*H. J. Fuller* with him,) for the respondents.

COLT, J. The allegation in the complaint, that the respondents have erected a dam on Rumford River for the use and benefit of their mills below, is not supported by the facts admitted or proved. The dam was erected and is maintained by a corporation specially chartered for that purpose, and authorized to construct and maintain reservoirs for the supply of mills on certain rivers therein named, including the Rumford, and to hold real and personal estate for that purpose.

The remedy under the mill act is against the person or persons erecting and maintaining a mill and dam to raise water for its use ; Gen. Sts. *c.* 149, § 1 ; and lies against a corporation coming within its provisions. Reservoir dams for the benefi.

of mills upon the same stream have been held to come within the protection of the statute; and this although such a dam may not be immediately connected with or very near the mill. It is sufficient though at considerable distance or even upon a tributary stream, provided it be directly and obviously subservient to the purpose of driving a mill or mills and increasing the power. *Shaw* v. *Wells*, 5 Cush. 539.

In some of the earlier charters granted to corporations for the erection of reservoir dams, a personal liability is imposed upon the stockholders, and a remedy by complaint under the statute is given to recover damages for flowing. These provisions do not seem to be contained in the later charters, and are not found in the statute by which this corporation was created, or in any general law. Sts. 1854, *cc*. 41, 90. The respondents cannot therefore be charged as stockholders in this case. The fact that they are almost wholly the owners of the mills benefited does not change their relation as stockholders, or impose an individual liability for the acts of the corporation. It is not certain that the stockholders of today will continue to be stockholders. Their interest may be disposed of at any time to those who are in no way interested in the mills.

It does not follow that the complainants are without remedy against the corporation. If the dam is not protected by the mill acts, the remedies of the common law are ample for the redress of all injuries occasioned by flowing. The corporation has the same rights, and no more, which an individual has in this respect.

It is perhaps not essential under the statutes for the protection of mills that the legal title to the dam and the mill benefited should be in the same person, or that the lien for ascertained damages should be perfect upon the property of both. Sections 6, 11 and 22 would seem to imply that the owner and occupant of the mill or dam may be alike proceeded against. It is plain that if the dam is protected it must be because it is erected to raise water for the working of a mill or mills. And if so erected under an arrangement between the owners of mills below and the proprietors of the dam, then it may follow that the parties

to such arrangement may all be joined as respondents in a com‑ plaint for damages for flowing. But of this it is not necessary to express an opinion.

Upon the allegations in this complaint, the instructions to the jury were correctly given. *Fitch* v. *Stevens*, 4 Met. 429. *Charles* v. *Monson & Brimfield Manufacturing Co.* 17 Pick. 70. *Sampson* v. *Bradford*, 6 Cush. 303. *Exceptions overruled.*