CONTENT

COSMOPOLITAN TRUST COMPANY *vs.* FRANK COHEN.

Suffolk.    December 14, 1922. — February 28, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Demurrer, Appeal, Report. *Trust Company,* In liquidation, Stock-holders' liability. *Commissioner of Banks. Constitutional Law,* Banking laws, Police power.

Where, after orders by a judge of the Superior Court in an action at law denying a motion by the defendant to dismiss the action, overruling a plea in abatement and sustaining a demurrer to the declaration, the defendant claims an appeal from the denial of the motion and the overruling of the plea and the judge under G. L. c. 231, § 111, reports his interlocutory order sustaining the demurrer to this court for determination, the appeals from the order upon the motion and the plea are not before this court.

An order by a judge of the Superior Court sustaining a demurrer to a declaration in an action of contract upon three of six grounds therein assigned is equivalent to an overruling of the other three grounds assigned; and, upon a report by the judge to this court under G. L. c. 231, § 111, stating that he so reported "the case for consideration and determination" by this court because he was "of opinion that the issues of law raised by the demurrer so affect the merits of the controversy that the matter ought to be determined before further proceedings" were "had," all the grounds set forth in the demurrer were presented to this court for determination.

G. L. c. 167, §§ 1, 22–36, as to the powers conferred upon the commissioner of banks to take possession of the property and business of a delinquent trust company and to liquidate its affairs, is constitutional. Following *Cosmopolitan Trust Co.* v. *Mitchell,* 242 Mass. 95.

The power to determine whether to enforce the liability of the stockholders of a trust company under G. L. c. 167, § 24, and the power to decide finally the amount of such liability to be enforced, up to the full limit established by the statute, are referred by the statute to the judgment and discretion of the commissioner of banks in possession of the property and business of the trust company under the statute, and such powers cannot be controverted by the stockholders in any litigation that may ensue. Following *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78.

As thus construed and interpreted, the foregoing statute violates no constitutional right of the stockholders of the trust company. Following *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78.

The provisions in G. L. c. 167, § 24, that the commissioner of banks in possession of the property and business of a trust company under the provisions of § 22 of that chapter, "may, if necessary to pay the debts of any such trust company, enforce the individual liability of the stockholders," refer to the liability established by G. L. c. 172, § 24, and, there being no statutory provision setting forth any other

regulation for the enforcement of that liability, those stated in c. 172, § 24, by reference to c. 158, §§ 46, 47, 49–54, must be taken to apply to and limit the enforcement by the commissioner of "the individual liability of the stockholders" under c. 167, § 24.

The commissioner of banks in possession under G. L. c. 167, § 22, of the property and business of a trust company cannot enforce the individual liability of the stockholders under § 24 of that statute by a proceeding at law.

The commissioner of banks in possession under G. L. c. 167, § 22, of the property and business of a trust company is not entitled to enforce under § 24 of that chapter the individual liability of the stockholders if it does not appear that a judgment has been recovered against the trust company and that it has neglected for thirty days after demand made on execution to pay the amount due thereon, with the officer's fees, or that it has failed to exhibit to such officer real or personal property of the trust company subject to be taken on execution sufficient to satisfy the same and that the execution has been returned unsatisfied.

CONTRACT under G. L. c. 167, § 24, for $16,600, an amount equal to the par value of one hundred and sixty-six shares of Cosmopolitan Trust Company owned by the defendant on September 25, 1920. Writ dated April 15, 1922.

The description of the plaintiff in the writ was as follows: "Cosmopolitan Trust Company, a corporation duly and legally established, and having its usual place of business in said Boston, (Joseph C. Allen, Commissioner of Banks, in possession) plaintiff."

The defendant filed a motion to dismiss, a plea in abatement and a demurrer, described in the opinion. The motion, plea and demurrer were heard by *Sanderson,* J., who denied the motion, overruled the plea and sustained the demurrer "for the first, fourth and fifth causes assigned." The defendant appealed from the order denying the motion and overruling the plea. The plaintiff appealed "from the order sustaining the defendant's demurrer."

The judge made the following report to this court:

"This case came on to be heard upon defendant's demurrer, and after full hearing thereon I entered an order sustaining the demurrer upon its first, fourth and fifth grounds; from which order, in sustaining the demurrer on the first, fourth and fifth grounds, the plaintiff appealed.

"Being of opinion that the issues of law raised by the demurrer so affect the merits of the controversy that the matter ought to be determined before further proceedings are had, I report the case for consideration and determination to the Supreme Judicial Court."

*R. W. Nason*, for the plaintiff.

*M. Witte*, for the defendant.

RUGG, C.J.  This is an action of contract by the commissioner of banks in possession of the Cosmopolitan Trust Company under G. L. c. 167, § 24, to recover an amount equivalent to the par value of the stock owned by the defendant in the trust company under G. L. c. 172, § 24, whereby stockholders in a trust company are made personally liable for the payment of its contracts, debts and engagements. The declaration alleges that the commissioner has determined that it is necessary to enforce to the full amount the individual liability of all stockholders in the trust company in order to pay its debts; that assessment has been made accordingly, and the defendant notified; that demand has been made of him for the amount due from him and payment refused.

The defendant demurred on the grounds (1) that the declaration sets out no legal cause of action, (2) that the commissioner has no constitutional or legal right to bring the action, (3) that the trust company has no such right to bring the action, (4) that stockholders' liability cannot be enforced by proceedings at law, (5) that the declaration does not allege that a judgment has been recovered against the trust company and that it has neglected for thirty days after demand on execution to pay the amount due thereon, and that it has failed to exhibit to the officer property to be seized on such execution, and (6) that the commissioner has no lawful authority to determine the necessity for the enforcement of stockholders' liability.

The defendant also filed a "motion to dismiss," which was denied, and "plea in abatement," which was overruled; and the defendant appealed. The disposition of each of these special pleadings was an interlocutory matter, the decision of which did not render the case ripe for final judgment, and therefore neither comes before us at this time by appeal. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545. The points raised thereby are not included in the report. Hence they cannot be considered at this time. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 151. It is not necessary to decide whether they present any question differing in substance from those presented by the demurrer.

An order was entered sustaining the demurrer on grounds (1), (4) and (5). This was equivalent to overruling the other

causes assigned in the demurrer. The judge, being of opinion that "the issues of law raised by the demurrer so affect the merits of the controversy that the matter ought to be determined before further proceedings are had," reported "the case for consideration and determination" by this court. G. L. c. 231, § 111.

The report is of all the issues of law raised by the demurrer. It is not confined to those on which it was sustained. All causes set forth in the demurrer are presented on this form of report and will be decided. The attempted reservation by the defendant for future consideration of the causes which were not sustained is ineffectual.

Certain points have been settled respecting the power of the commissioner and the liability of stockholders under the statutes. It was decided in *Cosmopolitan Trust Co.* v. *Mitchell,* 242 Mass. 95, that St. 1910, c. 399, now G. L. c. 167, §§ 1, and 22–36, as to the powers conferred upon the commissioner of banks to take possession of the property and business of a delinquent trust company and to liquidate its affairs was constitutional. It was decided in *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78, that the power to determine whether to enforce the liability of the stockholders and the power to decide finally the amount of such liability to be enforced, up to the full limit established by the statute, are referred to the judgment and discretion of the commissioner and cannot be controverted by the stockholders in any litigation that may ensue. It further was decided in the latter case that the statute as thus construed and interpreted violated no constitutional right of the stockholders.

Those questions are no longer open to discussion. They are the basis of the present decision. The principles declared in these two recent adjudications demonstrate without discussion that causes (2), (3) and (6) assigned in the demurrer cannot be sustained.

The precise points now presented relate to the form of procedure for the enforcement of the stockholders' liability.

The liability of stockholders for debts of a corporation is wholly the creature of statute. No such liability existed at common law. The statute which creates the liability may also prescribe the remedy for its enforcement. *Spear* v. *Grant,* 16 Mass. 9. *Norton* v. *Hodges,* 100 Mass. 241. *Old Dominion Copper Mining*

*& Smelting Co.* v. *Bigelow,* 203 Mass. 159, 192. *Pollard* v. *Bailey,* 20 Wall. 520, 526. Therefore it is necessary to resort to the terms of the statute to determine the nature and extent of the liability of stockholders in trust companies and the means for its enforcement.

The first general provision of law imposing liability for debts, contracts and engagements of trust companies upon their stockholders was St. 1888, c. 413, § 14. In substance and effect that was the same as G. L. c. 172, § 24, which is in these words: "The stockholders of such corporation shall be personally liable, equally and ratably and not one for another, for all contracts, debts and engagements of the corporation, to the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares. Sections forty-six, forty-seven and forty-nine to fifty-four, inclusive, of chapter one hundred and fifty-eight shall apply to and regulate the enforcement of such liability, and receivers of insolvent trust companies may, with the approval of the Supreme Judicial Court, enforce such liability." The statute was in substantially that form when St. 1910, c. 399, was enacted, which embodied in many respects a new legislative policy concerning the liquidation of trust companies and which greatly enlarged the powers of the commissioner of banks in such liquidation. That statute in § 4 conferred upon the commissioner the same power now in G. L. c. 167, § 24, namely, that "he may, if necessary to pay the debts of any such trust company, enforce the individual liability of the stockholders." That section does not define "the individual liability of stockholders," which the commissioner may enforce. There being no such liability at common law, the reference must be to a statutory liability elsewhere created and defined. That "individual liability of stockholders" (which the commissioner thus is empowered to enforce) can refer only to the liability established by G. L. c. 172, § 24, already quoted, because that is the sole liability existing under the law. That section, however, which alone imposes liability upon stockholders of trust companies for their debts, also prescribes the procedure whereby it should be enforced by reference to the form of remedy prescribed for some other classes of cases in G. L. c. 158, §§ 46, 47, 49–54. Those sections in substance require that liability of a stockholder shall not be enforced unless a judgment has been recovered against

the corporation and it has neglected for thirty days after demand made on the execution to pay the amount due with officers' fees, or to exhibit real or personal property subject to be taken on execution sufficient to satisfy the same, and the execution has been returned unsatisfied, and that the remedy for enforcement of such liability must be by suit in equity against the corporation and all stockholders.

The form of remedy and the procedure for the enforcement of the stockholders' liability doubtless are subject to legislative control. Stockholders have no vested rights in them. *Devine's Case,* 236 Mass. 588, 594, and cases there collected. *Manchester* v. *Popkin,* 237 Mass. 434, 437. *Conley* v. *Barton,* 260 U. S. 677. The Legislature in enacting St. 1910, c. 399, or at a later time might have conferred upon the commissioner in possession of a trust company power to enforce the stockholders' liability by an action at law or without the existence of a prior judgment and by any appropriate remedy. But there is not to be found in that act or in subsequent legislation any indication of purpose to relieve the commissioner in possession of the limitations imposed by G. L. 158, §§ 46, 47 and 49–54 inclusive, so far as applicable, in enforcing the liability of stockholders. As was pointed out in *Cosmopolitan Trust Co.* v. *Mitchell,* 242 Mass. 95, and in *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78, numerous provisions of St. 1910, c. 399, now in G. L. c. 167, were taken from the national bank law of the United States. That act does not specify the form of procedure for enforcing stockholders' liability. U. S. Rev. Sts. §§ 5151, 5234. 19 U. S. Sts. at Large, 63, 64, c. 156, § 3. It leaves the receiver to such appropriate remedies as courts may afford. Our statute is more explicit. It would have been simple, when conferring enlarged powers upon the commissioner, to have provided that the form of procedure for enforcement of stockholders' liability should be the same as in the national bank act, or as at the common law, or by separate and direct actions at law or suits in equity at his option without other prerequisite than his own decision. It may have been an oversight, or a *casus omissus,* or deliberate purpose that this was not done. However that may be, the statute must be construed as it is written. It hardly can be held that a definite provision of statute can be overridden simply for convenience.

If the statute, G. L. c. 172, § 24, had established the stock-holders' liability without providing a remedy for its enforcement, the common law would furnish an appropriate remedy. But where the statute which creates the right and imposes the liability also prescribes the form of remedy, that form of remedy alone must be pursued. *Knowlton* v. *Ackley,* 8 Cush. 93, 97. It follows that the forms of remedy set forth in G. L. c. 172, § 24, by reference to G. L. c. 158, §§ 46, 47, 49–54 must be pursued by the commissioner in enforcing the liability of stockholders in a trust company for its debts, contracts and engagements. As was said in *The Harrisburg,* 119 U. S. 199, at page 214, "The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." *Pratt & Forest Co.* v. *Strand Realty Co. of Lowell,* 233 Mass. 314, 318. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8.

This result is almost, if not wholly, required by *Nichols* v. *Taunton Safe Deposit & Trust Co.* 203 Mass. 551, 555, where it was held that a receiver of a trust company in enforcing stockholders' liability must proceed in the way provided by the statute. We are constrained to hold that the procedural features of *Kennedy* v. *Gibson,* 8 Wall. 498, 506, are not applicable under our statute although in matters of substantive law that decision was followed in *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78.

The demurrer is overruled as to causes (2), (3) and (6) and sustained as to causes (1), (4) and (5).

*So ordered.*