COMMISSIONER OF BANKS *vs.* COSMOPOLITAN TRUST
COMPANY & others.

Suffolk.    December 4, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Trust Company,* In liquidation: stockholders' liability. *Commissioner of Banks. Corporation,* Stockholders' liability. *Equity Pleading and Practice,* Bill, Waiver. *Supreme Judicial Court,* Waiver by failure to argue. *Waiver. Equity Jurisdiction.*

The commissioner of banks, after he has taken possession of the property and business of a trust company, may bring in his own name as commissioner a suit in equity under G. L. c. 167, § 24, to enforce the individual liability of the stockholders established by G. L. c. 172, § 24, and may join as defendants the trust company and the stockholders against whom he seeks relief.

In a suit of the character above described, it is not necessary that the commissioner allege that he brings the suit " in behalf of himself and all other creditors."

A bill in equity of the character above described is not defective by reason of the fact that it does not allege that it is brought against " all persons who were stockholders . . . at the time of the commencement of the suit in which " was rendered the judgment, failure to satisfy which, by G. L. c. 172, § 24; c. 158, §§ 46, 49, is made a prerequisite to the enforcement of the stockholders' liability.

A bill in equity of the character above described sets forth sufficient facts to enforce the liability of the stockholders of the company if, after an allegation of the neglect of the trust company for thirty days to satisfy an execution issuing upon a judgment recovered against it in accordance with G. L. c. 158, §§ 46, 49, it also contains an allegation that the commissioner of banks has determined " that it is necessary to enforce the individual liability of the stockholders as described in the first sentence of Section 24 of Chapter 172 of the General Laws " to the full amount " in order to pay the liabilities of said trust company," such allegation, fairly construed, meaning that the commissioner has determined to enforce the kind of liability established by the statute for the purposes authorized by the statute and for no other purposes, the reference to G. L. c. 172, § 24, limiting the word " liabilities " as used in the bill to " contracts, debts and engagements of the corporation," which are the words used in G. L. c. 172, § 24.

The word " debts," appearing in G. L. c. 167, § 24, is used generically to include every kind of liability of stockholders established by G. L. c. 172, § 24, and does not restrict the meaning of the words, " contracts, debts and engagements of the corporation," used in c. 172, § 24.

In a suit of the character above described, it is not essential to set out in the bill with excessive accuracy of detail every preliminary step taken or con-

clusion reached by the plaintiff before deciding to bring the suit to enforce the stockholders' liability.

While, in a bill in equity of the character above described, allegations that the trust company was insolvent and that its assets were insufficient to pay its obligations would not have been out of place, such allegations were not essential, an allegation, that the commissioner had determined that it was "necessary to enforce the individual liability of the stockholders as described in the first sentence of Section 24 of Chapter 172 of the General Laws," being sufficient.

The questions of the necessity of enforcing the liability of the stockholders of a trust company established by G. L. c. 172, § 24, and the extent to which that liability should be enforced are not open further to judicial inquiry in a suit in equity brought by the commissioner under G. L. c. 167, § 24, for the enforcement of that liability.

The determination by the commissioner of banks of the necessity for the enforcement of the liability of the stockholders of the trust company, and the return unsatisfied of an execution issuing upon a judgment against the trust company, which are prerequisities to the enforcement of stockholders' liability by the commissioner under G. L. c. 172, § 24, are disassociated and unrelated, and neither is made a requisite precedent to the other.

A trust company remains in existence as a corporate entity even after the commissioner of banks under G. L. c. 167, § 22, has taken possession of its property and business, and allegations by the commissioner in a bill in equity for the enforcement of stockholders' liability under G. L. c. 172, § 24, that, after he had taken possession, an action was brought against the trust company in which a judgment was rendered and an execution was issued, that a demand was made on the execution and that it was returned unsatisfied by reason of failure by the corporation for thirty days to pay it or to exhibit sufficient property subject to be taken on execution to pay it, set forth a sufficient compliance with the requirements of G. L. c. 158, §§ 46, 49.

In a suit of the character above described, it is not necessary for the commissioner to allege that the unsatisfied judgment referred to was recovered upon a cause of action for which a stockholder would be liable.

In a suit of the character above described, it is sufficient to allege that demand was made by virtue of the execution issued upon the judgment referred to, that it remained unsatisfied for thirty days and that it was returned unsatisfied, it not being necessary for the commissioner to delay until the return day of the execution before bringing suit to enforce the stockholders' liability.

G. L. c. 235, § 23, does not prevent an execution from being returned before sixty days after its date.

It is a sufficient allegation as to demand on the execution issuing upon the judgment above described, that it was made on the trust company and on a person named as its assistant treasurer.

It is no defence to a suit in equity brought by the commissioner of banks to enforce the stockholders' liability of a trust company established by G. L. c. 172, § 24, that, at the time of the bringing of the action, in which a judgment was rendered, the execution was issued and demand for its satisfaction was made in accordance with G. L. c. 158, §§ 46, 49, the commissioner of banks was in-possession of the property and business of the trust com-

pany and under a duty to defend actions against the trust company, so that the corporation was powerless to act as to its property or the action.

Approval by this court is not necessary as a prerequisite to the bringing of a suit by the commissioner of banks in possession of the property and business of the trust company for the enforcement of the stockholders' liability established by G. L. c. 172, § 24.

In a brief filed in this court by a defendant at the hearing of his demurrer to a suit by the commissioner of banks to enforce the liability of stockholders of a trust company established by G. L. c. 172, § 24, was the following statement: " These defendants raise the following federal questions; to wit: That the rights and powers contended for by the commissioner under his bill are violative of those articles of the Constitution of the United States which provide against the impairment of obligations, and against assumption of judicial authority by an administrative officer, and against proceedings and decrees without due process of law; and they pray that their rights to such federal questions be saved." *Held*, that

    (1) The foregoing statement was not an argument;

    (2) Such a statement is the equivalent of a waiver of points not argued.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on March 22, 1923, and afterwards amended, by the commissioner of banks in possession of the property and business of the Cosmopolitan Trust Company against that trust company and sundry stockholders or their personal representatives, praying that the stockholders severally be assessed sums in proportion to the amount of stock held by them respectively at the time of taking possession by the commissioner, that " the amount so to be assessed . . . be the amount of their stock in said trust company at par value thereof in addition to the amount invested in said shares; " that the stockholders be severally ordered to pay the amount for which they may be found liable to the plaintiff, and for further relief.

Several defendants demurred. The demurrers came on to be heard before *Carroll*, J., who, being of the opinion that the questions raised by them so affected the merits of the controversy that the matter ought to be determined by the full court before further proceedings, reported the suit to this court for determination upon the bill as amended and upon the demurrers.

G. L. c. 167, § 24, reads as follows:

: " Section 24. Upon taking possession of the property and business of such bank, the commissioner may collect

moneys due to the bank, and do all acts necessary to conserve its assets and business, and shall proceed to liquidate its affairs as hereinafter provided. He shall collect all debts due and claims belonging to it, and upon the order or decree of the Supreme Judicial Court, or any justice thereof, may sell or compound all bad or doubtful debts, and on like order or decree may sell all, or any part of, the real and personal property of the bank on such terms as the court shall direct; and he may, if necessary to pay the debts of any such trust company, enforce the individual liability of the stockholders."

G. L. c. 172, § 24, reads as follows:

" Section 24. The stockholders of such corporation shall be personally liable, equally and ratably and not one for another, for all contracts, debts and engagements of the corporation, to the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares. Sections forty-six, forty-seven and forty-nine to fifty-four, inclusive, of chapter one hundred and fifty-eight shall apply to and regulate the enforcement of such liability, and receivers of insolvent trust companies may, with the approval of the Supreme Judicial Court, enforce such liability."

G. L. c. 158, §§ 46, 47, and 49–54, inclusive, read as follows:

" Section 46. A stockholder or officer in a corporation shall not be held liable for its debts or contracts unless a judgment has been recovered against it and it has neglected for thirty days after demand made on execution to pay the amount due, with the officer's fees, or to exhibit to him real or personal property of the corporation subject to be taken on execution, sufficient to satisfy the same, and the execution has been returned unsatisfied.

" Section 47. The clerk or other officer who has charge of the records of a corporation against which judgment has been so recovered and execution so issued and returned unsatisfied, upon reasonable request of the judgment creditor or of his attorney, shall furnish to him a certified list of the names of all persons who were officers and stockholders in such corporation at the time of the commencement of the suit in which judgment was recovered."

" Section 49.    After the execution has been returned unsatisfied, any creditor may file a bill in equity, in behalf of himself and all other creditors of the corporation, against it and all persons who were stockholders therein at the time of the commencement of the suit in which such judgment was recovered, or against all the officers who are liable for its debts and contracts, for the recovery of the money due from the corporation to himself and the other creditors for which the stockholders or officers may be personally liable by reason of any act or omission on the part of the corporation or that of its officers or any of them, setting forth the judgment and proceedings thereon, and the grounds upon which it is expected to charge the stockholders or officers personally.

" Section 50.    Such sums as may be decreed to be paid by the stockholders in such suit in equity shall be assessed upon them in proportion to the amounts of stock held by them respectively at the time when the suit in which said judgment was recovered was begun; but no stockholder shall be liable to pay a larger sum than the amount of stock held by him at that time at its par value.

" Section 51.    If a defendant dies during the pendency of such a suit in equity, it shall not abate thereby; but his estate in the hands of his executor or administrator shall be liable to the same extent as he would be if living.    Such executor or administrator may voluntarily appear and become a party to the suit or may be summoned by the plaintiff.

" Section 52.    Such suit in equity shall not be dismissed by the plaintiff without an order of court and such notice to other creditors as the court may find reasonable under the circumstances.

" Section 53.    No such suit in equity shall be abated by reason of the non-joinder of persons liable as defendants unless the plaintiff, after being notified by plea or answer of the existence of such persons, unreasonably neglects to make them parties.

" Section 54.    If, in an action against a corporation, it appears to the court that one of the objects of the action is to obtain a judgment against the corporation in order to

enforce an alleged liability of a person who has been or is a stockholder or officer thereof, any such person may be permitted, on petition, to defend such action, and in such case the court may require of him or of a person in his behalf, a bond with sufficient surety or sureties, conditioned to pay to the plaintiff all costs which may accrue and be taxed to him after the filing of said petition."

*M. M. Horblit,* for certain defendants.

*P. N. Jones,* (*F. D. Healy* with him,) for certain defendants.

*J. A. Boyer,* for certain defendants.

*M. Witte,* for certain defendants, submitted a brief.

*D. L. Smith & R. W. Nason,* for the plaintiff.

Rugg, C.J. This is a suit in equity by the commissioner of banks, in possession under authority of the statutes on and since September 25, 1920, of the property and business of the Cosmopolitan Trust Company, against that corporation and numerous persons alleged to be holders of stock therein. The allegations of the bill are in brief that judgment was obtained against the trust company on July 5, 1921, for a large sum, that execution issued therein on which demand of payment was made on the trust company, that it neglected for thirty days thereafter to pay the amount due thereon or to exhibit real or personal property subject to be taken on execution sufficient to satisfy the same, and that the execution was returned unsatisfied on May 23, 1922, that the commissioner of banks on October 31, 1921, determined that it was necessary to enforce the individual liability of the stockholders of the trust company under G. L. c. 172, § 24, to the full amount, in order to pay the liabilities of the trust company, and that such necessity still exists. Then follows an allegation that on September 25, 1920, and also on the date of the beginning of the action in which the judgment was obtained, the persons set forth in a schedule were stockholders in the trust company and owners of the number of shares of stock set against their respective names. The prayers are for an assessment and order for payment against the shareholders, and for general relief.

Demurrers have been filed by several of the defendants. Without stating in detail their grounds, they will appear as they are discussed.

1. The commissioner of banks may bring this suit in his own name, joining the trust company as a defendant. The relevant words of G. L. c. 167, § 24, are, " he may . . . enforce the individual liability of the stockholders." These words import that he may perform that duty in any appropriate way, one of which is suit in his own name. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 240 Mass. 254. *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78. This has been the practice under the Federal National Bank Act, which our statute follows. U. S. Rev. Sts. § 5234. *Kennedy* v. *Gibson*, 8 Wall. 498. *Studebaker* v. *Perry*, 184 U. S. 258. *Christopher* v. *Norvell*, 201 U. S. 216.

2. It is not necessary that the commissioner of banks in bringing this suit allege that it is brought " in behalf of himself and all other creditors." G. L. c. 158, § 49. That averment is inapplicable in the circumstances here disclosed. The commissioner is not a creditor himself but acts in behalf of the creditors entitled to share in the proceeds of the suit. The allegations are adapted to his duties and the liabilities which he may enforce. The distribution of the amounts recovered must be in accordance with the statutes.

3. The bill is not defective because not alleging that it is brought " all persons who were stockholders . . . at the time of the commencement of the suit in which such judgment was recovered." See G. L. c. 158, § 49. Manifestly suit need not be brought against stockholders who have already paid without suit. The commissioner of banks is enforcing liability under the power conferred by G. L. c. 167, § 24, and not as a creditor. The allegations are sufficient in this particular. There is no defect of parties.

4. The bill sets forth sufficient facts to warrant the enforcement of stockholders' liability. The allegation in this particular is that the commissioner of banks has determined that " it is necessary to enforce the individual liability of the stockholders as described in the first sentence of Section 24 of Chapter 172 of the General Laws " to the full amount " in order to pay the liabilities of said trust company." Fairly construed, this allegation means that he has determined to enforce the kind of liability established by the statute for the

purposes authorized by the statute, and for no other purposes. The liability of stockholders is limited by G. L. c. 172, § 24, to which reference is expressly made in the allegation of the bill, to " contracts, debts and engagements of the corporation." Manifestly these words do not comprehend every kind of liability. *Savage* v. *Shaw,* 195 Mass. 571. While the word " liabilities " in some connections includes other forms of legal responsibility than " contracts, debts and engagements," it is plain that the pleader in the case at bar has in fact narrowed his averment to the particular kind of obligations for which stockholders may be liable under the words of said § 24. The express reference to that section in the allegation of the bill shows that the word " liabilities " is there used as including only " contracts, debts and engagements."

The liability of stockholders for all " contracts, debts and engagements " of the trust company under G. L. c. 172, § 24, is not restricted further by the words of G. L. c. 167, § 24, whereby the commissioner of banks in possession of a trust company is empowered to enforce the stockholders' liability " if necessary to pay the debts of any such trust company." In other connections the word " debts " has a more constricted significance. *Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118. But it is used in G. L. c. 167, § 24, as a generic word to include every kind of liability of stockholders established under G. L. c. 172, § 24. *Lathrop* v. *Reed,* 13 Allen, 294, 296.

5. It is not essential that the bill set out with excessive accuracy of detail every preliminary step taken or conclusion reached by the plaintiff before deciding to bring suit to enforce stockholders' liability. While an allegation that the trust company was insolvent and that its assets were insufficient to pay its obligations would not have been out of place, it was by no means essential. A determination that it is necessary to enforce the individual liability of stockholders under G. L. c. 172, § 24, imports inevitably a previous ascertainment of the fact that other assets of the trust company are insufficient to meet its contracts, debts and engagements as and when they ought to be met. The existence of

that fact is an irresistible inference from the other facts alleged and need not be set out. The ground of equitable remedy sufficiently appears without the further specific averment of insolvency of the Trust Company. The bill in this respect conforms to G. L. c. 214, § 12, by stating briefly the " material facts and circumstances relied on " and by omitting superfluous· matters. The liability of the stockholders is established by the determination of the commissioner of banks that it ought to be enforced. Allegation of that fact is sufficient as matter of pleading. *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78. It was held in that case that the power to determine whether to enforce the liability of stockholders and the power to decide finally the amount of such liability to be enforced, up to the full limit permitted by the statute, are referred to the judgment and discretion of the commissioner· and cannot be controverted by the stockholders in any litigation that may ensue. The question of the necessity of enforcing the liability of stockholders and the extent to which that liability shall be enforced are not open further to judicial inquiry in a proceeding to enforce that liability. That proposition is supported by a large number of decisions of the Supreme Court of the United States interpreting the similar provisions of the national bank act, on which our statute was framed. Those decisions there were reviewed, beginning with *Kennedy* v. *Gibson*, 8 Wall. 498, and ending with *Christopher* v. *Norvell*, 201 U. S. 216. It was supported, also, by the persuasive authority of numerous State decisions there collected construing statutes similar to our own. That proposition was reaffirmed in *Cosmopolitan Trust Co.* v. *Cohen*, 244 Mass. 128. This ground need not be gone over again. It is not open to further discussion. Decisions of a contrary tenor by federal district or circuit judges in *Bowden* v. *Morris*, 1 Hughes, 378, and *Moss* v. *Whitzel*, 108 Fed. Rep. 579, can have no weight under these conditions. The allegations of the bill are sufficient in this respect.

6. The allegation that the determination of the necessity to enforce the liability of stockholders under the statute was made by the commissioner of banks on a date prior to the

return unsatisfied of the execution issued on the judgment against the trust company, and the further allegation " that it is necessary so to enforce the said individual liability of said stockholders, " sufficiently state the material facts essential to the liability of stockholders under the statute. The liability of the stockholders cannot be enforced unless and until a judgment has been recovered against the corporation and it has neglected for thirty days after demand made on the execution to pay the amount due with officers' fees, or to exhibit real or personal property subject to be taken on execution sufficient to satisfy the same, and the execution has been returned unsatisfied. *Cosmopolitan Trust Co.* v. *Cohen,* 244 Mass. 128, 132, 133. There is no express designation in the statute of the time when the commissioner of banks in possession of a trust company must reach the determination that it is necessary to enforce the liability of the stockholders in order to pay the contracts, debts and engagements of the trust company. There is no definite time prior to the bringing of suit for such determination arising by fair implication from the terms of the statute or the general circumstances of the situation. It well may be that a hopelessly insolvent condition will become apparent at once upon examination of the assets and liabilities of the trust company. Evidence may be overwhelming forthwith that there must be enforcement of the liability of stockholders in order to meet the contracts, debts and engagements of the trust company. There is no reason why the commissioner of banks may not determine to enforce stockholders' liability as soon as he becomes convinced of its necessity and to await the rendition of the judgment, the failure to pay the execution and its return unsatisfied before taking legal steps to effectuate that determination. There is no logical connection between the determination by the commissioner of banks to enforce the liability of the stockholders and the recovery of judgment with the subsequent factors connected therewith. They are dissociated and unrelated. They are distinct facts, both of which are conditions precedent under the statute to the enforcement of the stockholders' liability, but neither is precedent to the other. Neither by statute nor on reason is

there any requirement that the determination cannot be made until after the occurrence of other conditions precedent to the actual enforcement of the stockholders' liability. It is the execution of the determination, not the determination itself, which must wait upon the arising of the prerequisites established by G. L. c. 158, §§ 46, 49.

7. The bill alleges a sufficient compliance with the requirements of G. L. c. 158, §§ 46, 49, as to recovery of judgment, demand on execution and failure to pay or to exhibit sufficient property subject to be taken on execution to pay the same. The trust company remains in existence as a corporate entity even though the commissioner of banks has taken possession of its property and business. It is subject to actions and suits. *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249. *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48.

It is not necessary to aver that the judgment in the action of the American Express Company against the trust company was recovered upon a cause of action for which a stockholder would be liable. The only requirement of G. L. c. 158, § 46, is that a judgment shall be recovered. The pleading need not go beyond the statute.

The averment as to demand and return of the execution is adequate. The commissioner of banks need not delay until the return day of the execution before bringing suit to enforce stockholders' liability. The words of said § 46, requiring that " the execution has been returned unsatisfied," do not mean that such return cannot take place until sixty days after its date, which is the common return day of executions. That is not the effect of G. L. c. 235, § 23. The execution may be returned before that time. *Chesebro* v. *Barme*, 163 Mass. 79, where *Niles* v. *Field*, 2 Met. 327, and like cases are distinguished. *Treasurer of the City of Boston* v. *Schapero*, 217 Mass. 71, 75.

The allegation as to demand on the execution is that such demand was made on the corporation and on a person named as its assistant treasurer. That is sufficient.

Another argument of defendants in substance is that, because the judgment against the trust company could not

be collected by the means described in G. L. c. 158, § 46, for the reason that the commissioner of banks had taken possession of its property and business, therefore the judgment was not such judgment as is intended by the section. Further arguments are that, because it was the duty of the commissioner of banks to defend actions against the trust company, he cannot rely upon a judgment obtained in such an action as basis for the present suit, and also that there can have been no default to meet the execution since the commissioner of banks had taken possession of all its property and business. All these and kindred and similar arguments are unsound. The corporate activities of the trust company were greatly curtailed by the commissioner of banks in taking possession of the property and business. But its corporate existence continued. Doubtless its property in the possession of the commissioner could not be seized on execution. It probably could not exhibit to the sheriff property not exempt from being taken on execution. *Greenfield Savings Bank* v. *Commonwealth*, 211 Mass. 207. But the statute requires compliance with the conditions set forth in G. L. c. 158, §§ 46, 49, before suit can be brought to enforce the liability of stockholders. That requirement must be given an interpretation reasonably consistent with the underlying facts likely to exist when possession is taken of the property and business of a trust company by the commissioner of banks. The statute must be so construed that it may be adapted to the accomplishment of a substantial result for the benefit of those creditors of the trust company entitled to share in the property to be secured by the stockholders' liability. The intention of the Legislature was to make stockholders' liability in trust companies a genuine thing. It is unthinkable that the legislative purpose was so to hedge its enforcement by such mutually retarding and conflicting processes as to render that liability of no financial value toward paying the obligations of the trust company. The statute can be reasonably interpreted so as to benefit the depositors and other designated creditors of the trust company. Very likely it was not framed with a view to all the conditions which have arisen in connection with the recent failures of

trust companies. But, so far as reasonably possible, it must be made a workable statute toward the end of bringing about its ultimate purposes, one of which was to make available the liability of stockholders to reduce the losses flowing from failure to meet its contracts, debts and engagements.

8. The approval of this court is not necessary as prerequisite to the bringing of this suit by the commissioner of banks in possession of the property and business of the · trust company.

9. That the bill is not multifarious is too plain to require discussion.

10. The conclusions here reached in the main are supported by *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78, and *Cosmopolitan Trust Co.* v. *Cohen*, 244 Mass. 128, and the numerous decisions cited and reviewed in those judgments.

11. It becomes unnecessary to consider St. 1922, c. 488, because the averments of the bill are sufficient without reference to it.

12. It is stated in one of the briefs for defendants: " These defendants raise the following federal questions; to wit: That the rights and powers contended for by the commissioner under his bill are violative of those articles of the Constitution of the United States which provide against the impairment of obligations, and against assumption of judicial authority by an administrative officer, and against proceedings and decrees without due process of law; and they pray that their rights to such federal questions be saved." Nothing further is said about that matter. Of course, that is not an argument. It is the settled practice of this court to treat as waived all points not argued. It is not enough for parties to say that a point is not waived although not argued. The court does not ordinarily consider questions in support of which parties do not present any argument. Such conduct is the equivalent of waiver. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508, and cases there collected. *Attorney General* v. *Pelletier*, 240 Mass. 264, 298. *Commonwealth* v. *Dascalakis*, 246 Mass. 12.

*Order overruling demurrers affirmed.*