COMMISSIONER OF BANKS, petitioner, *in re* HANOVER
TRUST COMPANY.

COMMISSIONER OF BANKS, petitioner, *in re* COSMOPOLITAN
TRUST COMPANY.

Suffolk.    January 15, 1925. — May 21, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust Company*, In liquidation: deposits unclaimed and claims unproved.

Upon the record on a petition by the commissioner of banks in possession of the property and business of a trust company, the liquidation of whose affairs was nearing a conclusion, it appeared that notice had been given in accordance with a decree entered under G. L. c. 167, § 36, fixing a specific date on or before which all persons having claims against the trust company must present and make legal proof thereof or be forever barred from sharing in the distribution of its assets, and that, in addition to the published and mailed notices, all reasonable effort was made in behalf of the petitioner to get every person supposed to be a creditor to make proof of his claim within the time specified; and it was *held*, that there was no explicit provision in the statute as to what disposition should be made, in the event of a final dividend, as to deposits unclaimed and claims unpaid, and it was *ordered* that no reservation of funds was to be made in proceedings for final dividend on account of deposits unclaimed or claims unproved after the time limited by decree of court.

TWO BILLS IN EQUITY, filed on December 19, 1924, in the Supreme Judicial Court for the county of Suffolk by the commissioner of banks seeking instructions described in the opinion.

The suits were reserved by *Crosby*, J., for determination by the full court.

*F. H. Smith, Jr.*, for the petitioner *in re* Hanover Trust Co.

*G. L. Vaughan*, for the petitioner *in re* Cosmopolitan Trust Co.

RUGG, C.J.   These are petitions for instructions by the commissioner of banks in possession of the property and business of two trust companies and liquidating their affairs in accordance with the statutes.   It is apparent from the records, as well as from the lapse of time since possession was taken, that the liquidation. is nearing an end.   The present petitions are brought with a view to arranging for the payment of a final dividend and closing the liquidation proceedings.   The cases must be considered on that footing.   The salient facts set forth in each petition in substance and effect are that in each case the commissioner by publications and mailing of notices, as required by G. L. c. 167, § 28, called upon all persons having claims against the trust company to make legal proof of their claims on or before a specified date.   Subsequently, upon an appropriate petition by the commissioner, a decree of court was entered pursuant to G. L. c. 167, § 36, fixing a specified date on or before which all persons having claims against the trust company must present and make legal proof thereof or be forever barred from sharing in the distribution of its assets. That time limit has now long since expired.   From statements made in argument at the bar, it seems that, in addition to the publications and mailed notices, all reasonable effort was made in behalf of the petitioner to get every person supposed to be a creditor to make proof of his claim within the time specified.   There appear to be upon the books of each trust company unclaimed deposits, both in the commercial and in the savings departments, aggregating considerable  sums, outside those as to which claims have been presented and proved and those as to which litigation is pending.   That is to say, the books of each trust company show certain deposits or obligations to creditors who have never made any effort to present or prove their claims or to assert their rights against the assets of the trust companies. The assets of each trust company are insufficient to pay in full the claims proved and allowed against it.

The provisions of G. L. c. 167, §§ 28, 29 and 31, relate to the proof of claims.   The first named section requires the fixing of a time for the proof of claims.   The plain implica-

tion of this section is that some time may be fixed after which there can be no further proofs. The general equity powers conferred by § 36 authorize the court by decree to establish such a time which shall be binding upon all persons. It is only in this way that the liquidation can be brought to an end.

The main question is whether the petitioner must reserve funds to pay the proper percentage on these unclaimed deposits, or whether distribution of all the assets is to be made in proper proportion among those alone who have presented and proved their claims, without further regard to deposits or claims which have not been proved.

No definite provision covering this point is found in the statutes. The chief purpose of the bank liquidation statute is to provide for the collection of the assets of an unsound bank and distribute them ratably among the creditors. It is the general rule in the administration of insolvent and bankrupt estates to make distribution of assets only among those who prove their claims. Some means are established of necessity for ascertaining who the creditors are and determining the amounts of their claims. Commonly, only those who take the pains to prove their claims are given any consideration in distribution of assets. It has been repeatedly observed that the provisions of our liquidation statute are modeled in large measure upon the federal national bank act. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95. *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78. *Cosmopolitan Trust Co.* v. *Cohen*, 244 Mass. 128, 133. That act makes no provision for any reservations for those who do not prove their claims. The assets of a defunct national bank are distributed only among those whose claims have been proved to the satisfaction of the comptroller or adjudicated in a court of competent jurisdiction. U. S. Rev. Sts. § 5236. Our statute is to be construed in the light of these general considerations.

The provisions of our statute are not explicit in this particular. The detailed enactments respecting the proof of claims and the establishment of rejected claims, or claims to which objection is made, indicate a purpose that those

who prove their claims have a standing not accorded to others. The terms of the statute as to payment of dividends are that, "At any time after the expiration of the date fixed for the presentation of claims, the Supreme Judicial Court . . . may authorize him to declare . . . one or more dividends, and, after the expiration of one year from the first publication of notice to creditors, the commissioner may declare a final dividend, such dividends to be paid to such persons, in such amounts, and upon such notice as may be directed by the Supreme Judicial Court. . . . The court may make proper provision for unproved or unclaimed deposits." G. L. c. 167, § 31. This section conveys no mandate that provision must be made in a decree for a final dividend for "unproved or unclaimed deposits" as to which no proof has been made when the time has come for final distribution. It has ample scope in respect to dividends which are not final. No extraordinary situation is revealed on these records which would justify some special provision for unproved deposits or claims in a decree for final dividend. The provisions of G. L. c. 167, § 35, respecting "dividends and unclaimed deposits" omit all reference to "unproved . . . deposits." The amendment of § 35 made by St. 1925, c. 240, uses the words, "Unclaimed dividends and all other funds."

The conclusion is that there is nothing in the statute which requires any reservation of funds on account of deposits or other claims which have been unproved within the time limited by the decree. Every consideration requires that, when a final dividend is to be paid and the liquidation brought to an end, all the assets should be distributed according to law among those who have proved their claims.

The decision of the fifth question in *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64, 77, 78, was not made with respect to a decree for final dividend.

We decline at this time to pass specifically upon the validity of actions brought since the time for proving claims expired, because the plaintiffs in those actions are before the courts in other proceedings and are not parties to this proceeding.

Decree is to be entered in each case instructing the petitioner that no reservation of funds is to be made in proceedings for final dividend on account of deposits remaining unclaimed or claims unproved after the time limited by decree of court.

*Ordered accordingly.*