ROGER E. MORSE, special administrator, & others *vs.* INTERNATIONAL TRUST COMPANY & others.

Suffolk.    December 3, 1926.— April 20, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Pleading and Practice*, Parties, Cross bill.    *Trust Company*, Stockholders' liability, Directors.    *Contract*, Construction.    *Guaranty*.

A trust company purchased from a second trust company all its assets and assumed its liabilities. The agreement between them provided that a stated sum, estimated as the excess of the second company's liabilities over its assets, should be a debt of the second company immediately due and payable of the character enforceable against the stockholders. Directors of the second company made with the purchasing company an agreement in writing providing in substance that they would be liable in certain specified amounts upon their respective obligations when and as the excess of the liabilities of the second company over its assets was determined but that their several obligations would be reduced by or credited with certain payments under certain conditions, among which were that on or before a date set the purchasing company should use its best efforts to enforce or cause to be enforced the statutory liability of the stockholders of the second company, if any, but upon the express understanding that the purchasing company in no way guaranteed or warranted such liability or the enforcement thereof and

incurred responsibility in connection therewith only in the event and to the extent that it should upon request refuse to take any reasonable measure, suggested in writing, to enforce such liability. The directors furnished collateral security for the performance of their agreement. The purchasing company within the time set began an action against the second company to procure a judgment which should be the basis for proceedings to enforce the stockholders' liability, and coincidentally claimed a right to realize on the directors' collateral. The directors by a bill in equity sought to enjoin a sale of such collateral. The purchasing company then discontinued the action against the second company, and the directors amended their bill into one of equitable replevin to recover their collateral, contending that the purchasing company had broken the contract. The second company was joined as a defendant. The purchasing company by a cross bill against the directors and the second company sought enforcement of all the provisions of the agreement with the directors. The second company demurred both to the amended bill and to the cross bill. *Held*, that

(1) The second company was not properly joined as a defendant either in the amended bill or in the cross bill;

(2) The purchasing company should not be permitted to maintain a cross bill in equity against the directors of the second company and that company to enforce the provisions of the directors' agreement, the relief thereby sought being within the scope of the original suit.

BILL IN EQUITY, filed in the Superior Court on October 30, 1924, by James F. Morse, and afterwards amended, and a cross bill filed by leave on August 12, 1925, both described in the opinion.

Demurrers by the Dorchester Trust Company to the original bill, as amended, and to the cross bill, and by the plaintiff in the original bill to the cross bill, were heard by *McLaughlin*, J., and were overruled, and, being of opinion that his order overruling the demurrers so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by this court, the judge reported to this court the questions presented by his orders overruling the demurrers, and stayed all further proceedings except such as were necessary to preserve the rights of the parties.

The plaintiff, James F. Morse, died during the pendency of the suit in the Superior Court, and Roger E. Morse, special administrator of his estate, was admitted to prosecute the suit in his stead.

*W. G. Thompson*, (*G. E. Mears* with him,) for Dorchester Trust Company.

*R. C. Evarts*, (*S. L. Kaplan* with him,) for the plaintiffs.

*F. H. Nash*, for International Trust Company and The First National Bank of Boston.

SANDERSON, J.   This case was reported by a judge of the Superior Court after overruling the demurrer of the Dorchester Trust Company to the bill and the demurrers of that company and of the plaintiffs to the cross bill.

The International Trust Company (herein called the defendant) purchased the assets and assumed the liabilities of the Dorchester Trust Company.   The agreement between them provided that a stated sum, estimated to be the amount of the excess of liabilities over assets, should be a debt of the Dorchester Trust Company, immediately due and payable of the character enforceable against the stockholders.   All of the directors of the Dorchester Trust Company except one became parties to an agreement with the defendant and deposited with that company security for their obligations thereunder.   Fourteen of the sixteen directors or their personal representatives are plaintiffs.   Since the agreements were made, the defendant has been consolidated with The First National Bank of Boston, which, for that reason, was joined as a party to the suit.   The directors of the Dorchester Trust Company, after approving a plan for a proposed sale of its assets to the defendant, caused a meeting of its stockholders to be called at which votes for carrying into effect the plan read at the meeting, or one substantially similar to it, were passed by more than two thirds of the outstanding stock.

The bill alleges that the plaintiffs never assumed any liability except in accordance with the plan and upon the condition that the defendant's remedy against stockholders be first exhausted.   It also contains the averments that the defendant has failed to do the things which it agreed to do, and, in particular, that it has not exhausted its remedy against the stockholders of the Dorchester Trust Company and has not taken proper steps to enforce the same; that at the suggestion of the plaintiffs, the defendant brought an action at law against the Dorchester Trust Company on March 9, 1923, and while the action was pending, on or

about April 8, 1924, submitted to a committee representing the directors a statement purporting to contain a computation of the final amounts of the respective obligations of the directors as of May 1, 1923, and contended that it had the right under a clause in the agreement to sell or otherwise realize on the collateral deposited by the plaintiffs. The suit was begun to prevent the sale of that collateral.

Thereafter, the bill was so changed by amendment that it became a suit in the nature of equitable replevin to recover the collateral held by the defendant, alleging, among other things, that since the bill was filed the defendant had violated its agreement by discontinuing the action at law; that thereupon the plaintiffs demanded the return of the collateral and, without waiving the breach, suggested in writing that the defendant proceed to enforce the liability of stockholders by bringing another action against the Dorchester Trust Company, and that, after obtaining a judgment against that company, it bring a suit against the stockholders in accordance with the provisions of G. L. c. 172, § 24; c. 158, §§ 46, 49; that thereafter a new action at law for the same cause as that stated in the former action was begun by the defendant against the Dorchester Trust Company; and that, because of the discontinuance of the first action and of the other matters set forth, the defendant has varied the terms of the guaranty and changed the obligations of the principal, thereby releasing the plaintiffs from the obligations as guarantors; and they asked for a return of their collateral, alleging that it was of such a nature and so detained that it could not be replevied. *Mitchell* v. *Weaver,* 242 Mass. 331, 336.

After the court had sustained a demurrer filed by the defendant, based on the ground that the two directors who had not joined in the bill and the Dorchester Trust Company were necessary parties, they were made parties defendant upon motion of the plaintiffs. Thereafter the defendant was given leave to file a cross bill against the Dorchester Trust Company, the plaintiffs, and the two directors who were made parties defendant, in which it seeks among other things to have a decree against the plaintiffs for the sale

of the collateral stating the amount of each director's liability; and also, to have a decree or judgment against the Dorchester Trust Company for the amounts due from it and the issuance of an execution thereon as the basis for enforcing the stockholders' liability; and in case the directors' liability should be held to be secondary, to have the suit retained until the stockholders' liability can be determined by supplementary proceedings.

The Dorchester Trust Company demurred to the bill for the reason, among others, that it had not stated a case for equitable relief against that company; and demurred to the cross bill alleging as one of the reasons therefor that it showed no ground for relief in equity against that company. The demurrer to the cross bill by the parties plaintiff in the original suit is based in part upon the contention that, so far as they are concerned, the issues in the cross bill are the same as those in the bill of complaint. The record discloses no demurrer filed by the two directors added as defendants.

The directors' contract provided that they would be liable in certain specified amounts upon their respective obligations when and as the excess of the liabilities of the Dorchester Trust Company over its assets was determined in accordance with the terms of the contract between the two trust companies, and also that these obligations should constitute debts for the full amounts thereof immediately due and payable except as thereinafter provided; but the agreement was made upon the understanding that the respective obligations of the directors would be reduced by or credited with certain payments under conditions among which was the following: "(a) On or before May 1, 1923, the International Trust Company shall use its best efforts to enforce or cause to be enforced the statutory liability of the shareholders of the Dorchester Trust Company, if any, but upon the express understanding that the International Trust Company in no way guarantees or warrants such liability or the enforcement thereof and incurs responsibility in connection therewith only in the event and to the extent that it shall upon request refuse to take any reasonable measure suggested in writing to enforce such liability." This part of the agreement, when con-

sidered in connection with its other terms, we interpret to impose a definite obligation on the defendant to use its best efforts to enforce or cause to be enforced the statutory liability of stockholders before proceeding against the directors; and we cannot construe the words relating to the responsibility incurred by the defendant as relieving it from this obligation in regard to the enforcement of the stockholders' liability.

The provision in the agreement, making the statement submitted by the defendant of the amounts due as of May 1, 1923, final for all purposes affecting the rights of the defendant to dispose of the collateral, must be construed with the other terms of the contract and must be held to mean that, if the defendant on the date fixed had failed without justifiable cause to do what it had promised for the purpose of reducing the amount of the plaintiffs' liability, it cannot insist that the amounts stated by it to have been then due are final. In these circumstances the defendant would not have the same rights which the words of this provision might otherwise give. Whether it has done what it agreed to do, or, if not, whether there is justification or excuse therefor, can be decided at the hearing of the original bill on the merits.

It is a well established rule of equity jurisprudence that persons legally or beneficially interested in the subject of a suit must be made parties. Interest in a cause means having such a right in the subject of the controversy that it may be affected by the decree. *Lawrence* v. *Smith,* 201 Mass. 214. *Commonwealth Trust Co. of Pittsburgh* v. *Smith,* 266 U. S. 152. Those not so interested are not necessary parties. *Cassidy* v. *Shimmin,* 122 Mass. 406, 409. *Forbes* v. *Thorpe,* 209 Mass. 570, 584. *Crocker* v. *Higgins,* 7 Conn. 342, 346. The plaintiffs are seeking no relief against the Dorchester Trust Company, and that company is not a party interested in the question whether the plaintiffs are entitled to recover the collateral deposited, or in any other material issue presented by the bill. The decree in the case would neither take away nor affect the legal rights of the Dorchester Trust Company.

The defendant's rights against the Dorchester Trust Com-

pany grow out of the contract between them. A party
"cannot come into equity to obtain precisely what he can
have at law." *Jones* v. *Newhall,* 115 Mass. 244, 249.
*Maguire* v. *Reough,* 238 Mass. 98.

The foundation of the stockholders' liability is a judgment
against the corporation obtained in an action at law. G. L.
c. 158, § 46. *Nichols* v. *Taunton Safe Deposit & Trust Co.*
203 Mass. 551, 555. *Cosmopolitan Trust Co.* v. *Cohen,* 244
Mass. 128, 134. *Commissioner of Banks* v. *Cosmopolitan
Trust Co.* 247 Mass. 334, 343. *Commissioner of Banks* v.
*Cosmopolitan Trust Co.* 253 Mass. 205, 210. The time has
not arrived for making the stockholders parties to a suit
in equity for the purpose of enforcing their statutory liability.
The plaintiffs' contention that their liability originally was
secondary to that of the stockholders and that they no longer
have any liability under their contract, and the contention
of the Dorchester Trust Company that it is not liable on
the contract, and the defendant's contention that the agree-
ments are interrelated and mutually dependent contracts
of indemnity for the same deficit, do not upon the facts
alleged justify making the Dorchester Trust Company a
party to the suit. Questions relating to the validity of the
contract between the defendant and the Dorchester Trust
Company and to the liability of stockholders are not in-
volved in the issues presented by the bill as amended. The
cross bill cannot be regarded as in any sense a bill to reach
and apply under G. L. c. 214, § 3 (7). It is not in the nature
of an equitable trustee process. *Phoenix Ins. Co.* v. *Abbott,*
127 Mass. 558, 560. *Stockbridge* v. *Mixer,* 215 Mass. 415,
417. The provisions of G. L. c. 214, § 3 (3), giving equity
jurisdiction where three or more parties have distinct rights
or interests in a controversy, does not apply to a case like
the present. *Pool* v. *Lloyd,* 5 Met. 525, 528. *Evans, Cole-
man & Evans, Ltd.* v. *Pistorino,* 245 Mass. 94, 100. The
Dorchester Trust Company has no such rights or interests
in the controversy between the plaintiffs and the defendant
as to come within the terms of that statute.

The usual function of a cross bill is to secure affirmative
relief which cannot be administered under the answer to the

original bill. *Smith* v. *Weeks,* 252 Mass. 244, 252. See now Equity Rule 6 (1926). If all the objects sought in the cross bill might have been obtained by proper answers and proceedings on the original bill, the cross bill should be dismissed. *Bogle* v. *Bogle,* 3 Allen, 158, 161. *Francis* v. *Hazlett,* 192 Mass. 137, 143. The question, whether the plaintiffs are entitled to the return of the whole or any part of their collateral or other relief in relation to it can be determined at the trial of the original suit, and there seems to be no sufficient reason for filing the cross bill.

If the defendant is justified in its contention that it has a right to sell the collateral, the statute provides the method by which that shall be done unless the contract otherwise provides; and it does not appear that the defendant would need the aid of a court of equity in making that sale.

A decree is to be entered sustaining the demurrer of the Dorchester Trust Company to the bill of complaint and to the cross bill, on the ground that it is not a necessary party, and dismissing those bills as to it; and sustaining the original plaintiffs' demurrer to the cross bill for the reason that so far as they are concerned the issues in the cross bill are the same as those in the bill of complaint, and dismissing the cross bill as to them.

*So ordered.*