SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK *vs.* ALFRED A. FENTON.

Norfolk. January 14, 1936. — June 1, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Corporation*, Stockholder. *Bank.*

An assessment levied on stockholders in a New York bank by the superintendent of banks of that State in the manner described in *Superintendent of Banks of New York* v. *Moors, ante,* 518, can be enforced by the superintendent against a Massachusetts stockholder by an action at law in our Superior Court.

CONTRACT. Writ in the Superior Court dated November 27, 1933.

A demurrer to the declaration and answer in abatement were sustained by *Morton, J.,* who reported the action for determination by this court.

*C. F. Albert,* for the plaintiff.

*H. A. Baker,* for the defendant, submitted a brief.

LUMMUS, J. This case, like *Superintendent of Banks of New York* v. *Moors, ante,* 518, just decided, is an action to recover an assessment upon a stockholder in the Bank of United States. The declaration set out the facts and the

levy of an assessment as shown in the opinion in that case. The defendant demurred to the declaration, and also filed a "plea in abatement," setting up (1) that the remedy should be in equity, (2) that the proceeding should have been brought in the Supreme Judicial Court instead of the Superior Court, and (3) that the liability can be enforced only by a receiver appointed in this Commonwealth. The demurrer and the "plea" were sustained, and the case was reported.

The points that the remedy should be in equity, and that the liability can be enforced only by a receiver appointed in this Commonwealth, are disposed of by *Superintendent of Banks of New York* v. *Moors, ante,* 518. There is nothing in the point that the proceeding should have been brought in the Supreme Judicial Court under G. L. (Ter. Ed.) c. 167, § 24. That section relates to the liability of stockholders in domestic banks, not to contract obligations arising elsewhere. *Cosmopolitan Trust Co.* v. *Cohen,* 244 Mass. 128. The declaration set out a good cause of action. *Superintendent of Banks of New York* v. *Moors, ante,* 518.

*Order sustaining demurrer and plea reversed.*